# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>individually and on behalf of all<br>others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br><br>        Defendant. | Case No. |

## CLASS ACTION COMPLAINT

### Introduction

1. This is an action brought by Plaintiff, Jaimaria Bodor ("Bodor"), whose tax refund was withheld despite the fact that she had a pending Borrower Defense to Repayment ("Borrower Defense") Application. Bodor borrowed federal student loans in order to attend an online business management and administration program at Everest College, a school owned and operated by Corinthian Colleges, Inc. ("Corinthian" or "CCI"). Bodor claims that due to misrepresentations made by Corinthian, she is statutorily eligible for loan discharge, and filed a Borrower Defense application with the U.S. Department of Education ("Department"). Despite the temporary hold on collection activity she was entitled to because of the pendency of her Borrower Defense application, and contrary to the explicit instructions by the Department to Defendant Maximus Federal Services, Inc. ("Maximus"), a corporate debt collector, to refrain from engaging in collection activity during the pendency of that application, Maximus subjected Plaintiff, and the class that she seeks to represent, to continuing involuntary collection activity.

2. Bodor asserts claims individually and on behalf of a class of similarly situated persons against Maximus for engaging in abusive, deceptive, and unfair debt collection practices prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq relating to unauthorized involuntary collection activity during the pendency of their Borrower Defense applications.

## Jurisdiction

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

4. Venue is proper because Bodor resides in this District, Defendant Maximus transacts business in this District and the debt collection activity at issue in this case impacted a person in this District.

## Parties

5. Plaintiff Jaimaria Bodor is a natural person who resides in Wind Gap, Northampton County, Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Maximus Federal Services, Inc., is a Virginia corporation with a principal place of business in Reston, Virginia. Maximus is a debt collector, as that term is defined in 15 U.S.C. § 1692a(6).

## Maximus

7. Maximus has a contract with the Department of Education to operate and maintain the Debt Management and Collection System ("DMCS").

8. The total value of Maximus's contract is over $848 million. Contract Number ED-FSA-13-C-0021.

9. When disbursed, federal student loans are assigned to one of a number of federal student loan servicers. In general, the loans remain with that servicer until they are repaid in full or cancelled.

10. However, if the student loan borrower falls more than 270 days behind on their payments, the Department considers the loans to be in default. After 360 days of non-payment, the servicers must transfer the loans to DMCS, i.e., Maximus.

11. Maximus then engages in a variety of activities to collect on the defaulted student loans. In support of those debt collection efforts, Maximus runs a call center, sends dunning notices, collects payments, and refers accounts for involuntary collection. In addition, Maximus will refer accounts to Private Collection Agencies ("PCAs"), which engage in additional debt collection activities.

12. Under the Debt Collection Improvement Act, 31 U.S.C. § 3701 *et seq.*, amounts owed to the federal government can be collected involuntarily through seizures of wages, federal benefits, and tax refunds—all without a court order.

## Background on Plaintiff and Her Borrower Defense Application

13. Bodor attended Everest, a Corinthian school, online between August 2012 and February 2014, seeking a business management and administration degree. Corinthian held itself out as offering quality vocational training programs that consistently placed graduates in desired jobs. Like so many of her classmates, Bodor incurred substantial debt to attend a Corinthian program that wasted her time and provided no value.

14. Under the Higher Education Act, federal loan borrowers are eligible for loan discharge if the college or university for which the loans were obtained misled them or engaged in other misconduct. Applications for this form of loan discharge are commonly called

"Borrower Defense to Repayment" or "Borrower Defense" applications. Borrowers file Borrower Defense applications with the Department of Education.

15. Based upon her experience with Corinthian, Bodor submitted an application for loan discharge under the "Borrower Defense" rule to the United States Department of Education in late February or early March 2019.

16. As part of the Borrower Defense application, borrowers are given the option to cease all collection activity on defaulted loans during the pendency of the application.

17. Plaintiff Bodor indicated that collection activity should cease during the pendency of her application.

18. Plaintiff Bodor filed her federal income tax return on or about April 15, 2019.

19. Her entire tax refund of $79 was withheld.

20. Her Borrower Defense application is still pending.

21. It has long been the Department's policy to halt collection activities on defaulted loans during the pendency of a Borrower Defense application unless a borrower expressly chooses to continue repayment when they submit their application. When the Department places a borrower in stopped collections status, the Department's contractors are supposed to stop engaging in involuntary debt collection against a borrower who is already in default.

### Errors by Department Contractors Caused Borrowers to Experience Involuntary Collection

22. The Department does not itself service or engage in debt collection on federal student loans, a process that includes collecting payments and performing other administrative tasks. Instead, like most other creditors in the marketplace, the Department contracts with multiple loan "servicers" and debt collectors to provide these services, each of which has its own contract with the Department and its own "unique system, processes, and procedures." *See* 20

U.S.C. § 1087f (directing the Secretary to enter contracts with entities to provide these services).

23. According to the Department's website, Defendant "MAXIMUS Federal Services, Inc., is the loan servicer for defaulted federal student loans."[1]

24. Bodor's loans, and the loans of the putative class members she seeks to represent, were in default at the time that they were transferred to Defendant Maximus.

25. On a Borrower Defense application, borrowers are given the choice to stop collections on all student loans pending adjudication of the application.

26. Despite explicit instructions provided by the Department on numerous occasions, Defendant Maximus caused Bodor and the putative class members to experience involuntary collection after they chose to stop collections on all student loans pending adjudication of their applications.

### Evidence of unlawful involuntary collection uncovered in the *Calvillo Manriquez v. DeVos* case

27. Prior to January 20, 2017, the Department granted full loan discharges to nearly 25,000 persons who incurred student loans to attend a list of certain Corinthian schools pursuant to the Borrower Defense process. Plaintiff Bodor's school was not included on this list, so she is not a member of that putative class.

28. Since January 20, 2017, the Department has refused to process the applications of other borrowers who are eligible for loan relief under this policy.

29. On December 20, 2017, *Calvillo Manriquez v. DeVos*, Case No. 17-cv-07210-SK, U.S. District Court, was filed in the Northern District of California seeking, among other forms of relief, full relief for all students who had attended that list of Corinthian schools during the designated time period.

---

[1] https://studentaid.ed.gov/sa/repay-loans/default#default-servicer

30. On May 25, 2018, the Court in *Calvillo Manriquez* ordered the Secretary to cease all efforts to collect debts from borrowers who would fit the criteria of the putative class.

31. According to the Department, protected borrowers continued to experience involuntary collection efforts despite the May 25, 2018 court order because its contractors (i.e., Maximus) placed their loans in an incorrect repayment status.

32. In addition, the Department of Education disclosed that Maximus had engaged in involuntary collection activity against Bodor and similarly situated borrowers. While they are not all members of the *Calvillo Manriquez* class, the disclosure highlighted a different problem broader than the scope of that case: not only was Maximus engaging in involuntary collection activity against people protected by the May 25, 2018 court order, it was engaging in involuntary collection activity regardless of the stop collections mandate imposed during the pendency of Borrower Defense applications.

33. There are many more people with pending Borrower Defense applications than there are class members in *Calvillo Manriquez*.

34. Based on the fact that Bodor was included in the Department's disclosure, and upon information and belief, Maximus subjected a broader population of borrowers that includes Bodor to involuntary collection during the pendency of their Borrower Defense claims as a result of a similar "error." Similar to the borrowers protected by the May 25, 2018 court order, these borrowers were placed in an incorrect repayment status.

## Class Allegations

35. Plaintiff Bodor brings this action on her own behalf and on behalf of a class of all other persons similarly situated (the "Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. Specifically, Bodor seeks to certify a class for purposes of determining liability as well as obtaining appropriate monetary relief, pursuant to Federal Rules of Civil Procedure Rules of Civil Procedure 23(a), (b)(3), and (c)(4).

37. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Federal Rules of Civil Procedure Rule 23(a) and (b).

38. Plaintiffs seek certification of the following class: All borrowers of federal student loans owned by the Department of Education who were subject to involuntary collection activity within one year of filing this complaint, and who (1) had a pending Borrower Defense application at the time of the involuntary collection activity, and (2) had not expressly indicated on the Borrower Defense application a desire to have collection activity continue during the pendency of the application.

39. Excluded from the proposed Class are:

   a. Maximus and any entities in which Maximus has a controlling interest;

   b. Any entities in which Maximus's officers, directors, or employees are employed and any of the legal representatives, heirs, successors or assigns of Maximus;

   c. The Judge and/or jury to whom this case is assigned and any member of the Judge's or jury's immediate family and any other judicial officer assigned to this case; and

   d. Any attorneys representing the Plaintiffs or the Class.

40. <u>Numerosity—Fed. R. Civ. P. 23(a)(1)</u>. The exact number or identification of the Class members is presently unknown. On information and belief the Class includes thousands of individuals. The identity of the Class members is ascertainable and can be determined based on

available records maintained by Maximus and/or the Department of Education, which are known to exist based on evidence revealed in the *Calvillo Manriquez v. DeVos* case.

41. <u>Predominance of Common Questions—Fed. R. Civ. P. 23(a)(2), 23(b)(3)</u>. The questions of law and fact common to the Class predominate over questions affecting only individual Class members. The core question in this case is a legal one: whether Defendant Maximus violated the FDCPA by taking actions to initiate involuntary collection activity, despite the fact that there was a pending Borrower Defense application indicating collection should cease and the fact that the Department instructed Maximus to cease such activities. Such an inquiry includes several common questions of law, including whether Maximus was a "debt collector" and whether their activity was violative of the FDCPA. Bodor is seeking (i) the recovery of all the sums certain improperly collected by Maximus involuntarily within the applicable statutory period that have not yet been reimbursed; and (ii) statutory damages, for herself and the members of the proposed class.

42. <u>Typicality—Fed. R. Civ. P. 23(a)(3)</u>. Bodor's claims are typical of the claims of the Class because Bodor and all putative Class members were subject to, and affected by, Maximus's systemic policies and practices alleged herein.

43. <u>Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1)</u>. Bodor is an adequate representative of the Class because she fits within the class definition and her interests do not conflict with the interests of the members of the Class she seeks to represent. Bodor is represented by experienced Class Counsel. Class Counsel have litigated scores of class actions, including cases brought under the FDCPA. Bodor's counsel intends to prosecute this action vigorously for the benefit of the entire Class. Bodor and Class Counsel can fairly and adequately protect the interests of all of the Members of the Class.

44. <u>Superiority—Fed. R. Civ. P. 23(b)(3)</u>. The class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses. Further, individual litigation has the potential to result in inconsistent or contradictory judgments. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I

## THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692e

45. Plaintiffs incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this complaint.

46. 15 U.S.C. § 1692e provides that a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

47. 15 U.S.C. § 1692e(2)(A) further provides that it is a violation to make a "false representation of . . . the character, amount, or legal status of any debt."

48. Bodor is a consumer as that term is defined in 15 U.S.C. § 1692a(3) because she is a natural person allegedly obligated to pay the student loan debt Maximus sought to collect.

49. Federal student loans are "debts" as that term is defined in 15 U.S.C. § 1692a(5) because they are obligations by a consumer, in this case Bodor and class members, to pay money arising out of a transaction in which the money is used for a personal, family, or household purpose, in this case higher education intended for personal growth.

50. Maximus is a debt collector as that term is defined in 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce or the mail, and it regularly collects or attempts to collect debts owed or asserted to be owed or due another, in this case the Department of Education.

51. Bodor's student loans were over 270 days delinquent and considered in default by the Department of Education when they were transferred to Maximus, as were all the loans for all class members. Therefore, Maximus is a "debt collector."

52. Maximus pursued involuntary collection activities against Class members despite the fact that they had filed a Borrower Defense application indicating that collection activities should cease.

53. These actions were in direct contravention of instructions provided by the creditor on whose behalf it was acting—the Department of Education.

54. To initiate said involuntary collection against class members, Defendant Maximus has falsely represented to the U.S. Department of the Treasury, employers, and others that it is entitled to collect defaulted student loan debt incurred by Plaintiff Bodor and Class members, when it was not.

55. Therefore, Defendant violated 15 U.S.C. § 1692e by making false, deceptive, and misleading statements to third parties in connection with the collection of class members' federal student loans.

## COUNT II

### THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692f

56. Plaintiffs incorporate and reallege, as though fully set forth herein, each and every allegation set forth in the preceding paragraphs of this complaint.

57. 15 U.S.C. § 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any debt.

58. 15 U.S.C. § 1692f(1) further provides that it is a violation to collect any amount "unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

59. The Department of Education's instructions to refrain from collecting debts during the pendency of Borrower Defense applications, combined with the fact that borrowers themselves had indicated in their Borrower Defense applications that collection activities should cease, made any collection activity during the pendency of the Borrower Defense applications unlawful.

60. Maximus caused tax refunds to be withheld from Bodor during the pendency of her Borrower Defense application, and took similar debt collection actions during the pendency of class members' applications.

61. Causing tax refunds to be withheld, wages to be garnished, and other involuntary collection activity to repay federal student loans are acts of collecting a debt.

62. Therefore, Maximus violated 15 U.S.C. § 1692f(1) by collecting on debts where it was expressly prohibited by law.

63. In addition, the above described actions violate 15 U.S.C. § 1692f because they are unfair and unconscionable means to collect defaulted student loan debt.

**Prayer for Relief**

WHEREFORE, Plaintiff prays that this Court:

1. Certify this action as a Class Action under Rule 23(a), (b)(3) and (c)(4) and appoint Jaimaria Bodor as representative of the Class and her attorneys as Class Counsel;

2. Find that Maximus violated 15 U.S.C. §§ 1692e and 1692f.

3. Enter judgment in favor of Bodor and the Class and against Maximus for the (i) recovery of all the sums certain improperly collected by Maximus as wage garnishments, tax offsets and/or federal benefit offsets within the applicable statutory period that have not yet been reimbursed; and (ii) maximum amount of statutory damages provided under 15 U.S.C § 1692k.

4. Award the Class costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Grant such other further relief as is necessary and proper.

Respectfully submitted,

Date: 12/9/19

_____
Cary L. Flitter
Andrew M. Milz
Flitter Milz, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782 tel
(610) 667-0552 fax
cflitter@consumerslaw.com
amilz@consumerslaw.com


Stuart T. Rossman*
Persis Yu*
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110

(617) 542-8010 tel.
(617) 542-8028 fax
srossman@nclc.org
pyu@nclc.org


Joanna K. Darcus
National Consumer Law Center
1001 Connecticut Avenue NW, Suite 510
Washington, DC 20036
(202) 452-6252 tel.
(202) 296-4062 fax
jdarcus@nclc.org


Benjamin Elga*
Brian Shearer*
Justice Catalyst Law, Inc.
81 Prospect Street
Brooklyn, NY 11201
(518) 732-6703 tel.
belga@justicecatalyst.org
brianshearer@justicecatalyst.org


COUNSEL FOR PLAINTIFFS
*Pro Hac Vice Applications
Forthcoming



JS 44 (Rev 06/17) — **EGS** CIVIL COVER SHEET — **19 5787**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JAIMARIA BODOR

**DEFENDANTS**
MAXIMUS FEDERAL SERVICES, INC

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ___
*(IN U S PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cary L Flitter, Andrew M Milz, Jody T. Lopez-Jacobs, Flitter Milz, P C
450 N Narberth Avenue, Suite 101, Narberth, PA 19072

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question (U S Government Not a Party)
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☒ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer w/Disabilities - Employment
- ☐ 446 Amer w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U S Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☒ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
15 U.S.C. Section 1692k(d)
Brief description of cause
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
DEMAND $ _____
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/9/19
SIGNATURE OF ATTORNEY OF RECORD: Cary L Flitter

DEC - 9 2019

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

 

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

5:19-cv-5787
19 5787

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 253 Fairview Avenue, Wind Gap, PA 18091

Address of Defendant: 1891 Metro Center Drive, Reston, VA

Place of Accident, Incident or Transaction: Wind Gap, PA 18091

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: Dec. 9, 2019    _____Cary L Flitter_____    35047
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify)* __Fair Debt Collection Practices Act__

B. *Diversity Jurisdiction Cases*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __CARY L. FLITTER__, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑ Relief other than monetary damages is sought

DEC - 9 2019

DATE: Dec 9, 2019    _____Cary L Flitter_____    35047
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EGS

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JAIMARIA BODOR | : | CIVIL ACTION |
| v. | : | |
| MAXIMUS FEDERAL SERVICES, INC. | : | NO. 19 5787 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 12/09/19 | CARY L. FLITTER | |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 610-822-0782 | 610-667-0552 | cflitter@consumerslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC - 9 2019