## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>individually and on behalf of all<br>others similarly situated,<br><br>          Plaintiff(s),<br>      v.<br><br>MAXIMUS FEDERAL SERVICES, INC.<br><br>          Defendant. | Civil Action No.: 5:19-cv-05787-EGS<br><br><br>**DEFENDANT MAXIMUS<br>FEDERAL SERVICES, INC.'S<br>ANSWER AND AFFIRMATIVE<br>DEFENSES TO PLAINTIFF'S<br>COMPLAINT** |

Defendant Maximus Federal Services, Inc. ("Maximus Federal") by and through its counsel, Saul Ewing Arnstein & Lehr LLP, hereby answers the Complaint of Plaintiff Jaimaria Bodor ("Plaintiff") as follows:

### INTRODUCTION

1.  Maximus Federal admits only that Plaintiff's 2018 federal tax refund was originally withheld pursuant to the United States Treasury Offset Program (the "Treasury Offset Program"), but further states that such tax refund was later refunded to Plaintiff.  Maximus Federal denies that Plaintiff's status as a Borrower Defense to Repayment Applicant ("BD Applicant" or "BD Application") had been processed by Maximus Federal at the time her federal tax refund was originally withheld by the Treasury Offset Program.  Maximus Federal further denies that it engaged in any involuntary collection activity as stated in Paragraph 1.  Maximus Federal is without sufficient information to form a belief as to the remaining allegations in Paragraph 1, and therefore, denies same and demands strict proof thereof.

2.        The allegations in Paragraph 2 contain legal conclusions to which no response is required.  To the extent a response is required, Maximus Federal admits only that Plaintiff asserts her claim for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") on behalf of herself and a putative class of similarly situated persons.  However, Maximus Federal denies Plaintiff's claims are appropriate for class treatment and/or that Maximus Federal violated the FDCPA.  The remaining allegations in Paragraph 2 are denied as stated.

## JURISDICTION

3.        The allegations in Paragraph 3 contain legal conclusions to which no response is required.

4.        The allegations in Paragraph 4 contain legal conclusions to which no response is required.  To the extent a response is required, Maximus Federal admits only that it engages in business within this district, but denies it engaged in any "debt collection activity."  Maximus Federal is without sufficient information to form a belief as to the remaining allegations in Paragraph 4, and therefore, denies same and demands strict proof thereof.

## PARTIES

5.        The allegation that Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) is a legal conclusion to which no response is required.  Maximus Federal is without sufficient information to form a belief as to the remaining allegations in Paragraph 5, and therefore, denies same and demands strict proof thereof.

6.        The allegation that Maximus Federal is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) is a legal conclusion to which no response is required.  Maximus Federal

36705664.1 03/13/2020

admits only that it is a Virginia corporation with a principal place of business in Falls Church, Virginia.

<h2 align="center">MAXIMUS[1]</h2>

7.      Maximus Federal admits that on or about September 30, 2013 it entered into a contract with the United States Department of Education ("DOE") to, among other things, operate and maintain the DOE's Debt Management and Collection System ("DMCS") (the "Contract").

8.      Maximus Federal admits that the Contract was assigned contract number ED-FSA-13-C-0021, the total value of which speaks for itself and for which no further response is required.

9.      Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 9, and therefore, denies same and demands strict proof thereof.

10.     Maximus Federal admits that after 360 days of non-payment by a borrower, certain loans may be assigned to DMCS. The remaining allegations in Paragraph 10 are denied as stated

11.     Maximus Federal admits that pursuant to the terms of the Contract, it is responsible for establishing and maintaining a call center to respond to inquiries from borrowers and various third parties, and to communicate with borrowers pursuant to the Contract and/or the directions and instructions provided by DOE. The remaining allegations in Paragraph 11 are denied as stated.

---

[1] Maximus Federal uses the same headings as set forth in Plaintiff's Complaint, but the use of such headings is not intended and does reflect Maximus Federal's acknowledgement or agreement with the statements made therein.

36705664.1 03/13/2020

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required.

**BACKGROUND ON PLAINTIFF AND HER BORROWER DEFENSE APPLICATION**

13. Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 13, and therefore, denies same and demands strict proof thereof.

14. The allegations in Paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal admits only that borrowers file BD Applications in certain instances.

15. Maximus Federal admits only that, upon information and belief, Plaintiff submitted a BD Application to the DOE. Maximus Federal is without sufficient information to form a belief as to the remaining allegations in Paragraph 15, and therefore, denies the same and demands strict proof thereof.

16. Maximus Federal admits that the relevant BD Applications allow a borrow the option to place his/her loans in forbearance and stop collections while the BD Application is reviewed.

17. Upon information and belief, Plaintiff elected to place her loans in forbearance and stop collections while her BD Application is reviewed by DOE.

18. Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 18, and therefore, denies same and demands strict proof thereof.

36705664.1 03/13/2020

19.     Maximus Federal admits only that Plaintiff's 2018 federal tax refund was originally withheld pursuant to the Treasury Offset Program, but further states that such tax refund was later refunded to Plaintiff.

20.     Upon information and belief, Maximus Federal admits that Plaintiff's BD Application is currently pending with the DOE.

21.     Maximus Federal admits only that the DOE's current direction is to halt collection activity during the pendency of BD Applications, unless a borrower has chosen to continue repayment. Maximus Federal further states that once a borrower's status as a BD Applicant is processed by Maximus Federal, DMCS sends a communication to cease collection activities. Maximus Federal is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 21, and therefore, denies same and demands strict proof thereof.

### ERRORS BY DEPARTMENT CONTRACTORS CAUSED BORROWERS TO EXPERIENCE INVOLUNTARY COLLECTION

22.     Maximus Federal admits only that it has a contract with the DOE to provide operation and maintenance support for the DMCS. Maximus Federal is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 22, and therefore, denies same and demands strict proof thereof. The citation to 20 U.S.C. § 1087f includes and/or references a legal conclusion to which no response is required.

23.     The DOE's website speaks for itself, therefore, no response is required.

24.     The allegations in Paragraph 24 contain a legal conclusion to which no response is required. To the extent a response is required, Maximus Federal admits that, upon information and belief, Plaintiff's loans were in default at the time they were assigned to DMCS. Maximus Federal further denies that any loans "were assigned" to it as stated in Paragraph 24.

-5-

25.    Maximus Federal admits that the relevant BD Applications allow a borrow the option to place his/her loans in forbearance and stop collections while the BD Application is reviewed by DOE.

26.    Maximus Federal denies the allegations in Paragraph 26 and demands strict proof thereof.

<strong><u>EVIDENCE OF UNLAWFUL INVOLUNTARY COLLECTION<br>UNCOVERED IN THE <em>CALVILLO MANRIQUEZ V. DEVOS</em> CASE</u></strong>

27.    Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 27, and therefore, denies same and demands strict proof thereof.

28.    Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 28, and therefore, denies same and demands strict proof thereof.

29.    The Complaint referenced in Paragraph 29 speaks for itself, therefore, no response is required.  Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 29, and therefore, denies same and demands strict proof thereof.

30.    The allegations in Paragraph 30 contain a legal conclusion to which no response is required.  To the extent a response is required, the court order referenced in Paragraph 30 speaks for itself, therefore, no response is required.

31.    The unidentified statement by the DOE speaks for itself, therefore, no response is required.  Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 31, and therefore, denies same and demands strict proof thereof.

36705664.1 03/13/2020

32.     The unidentified disclosure by the DOE speaks for itself, therefore, no response is required.  Maximus Federal further denies the allegation that it engaged in involuntary collection activity against borrowers as stated in Paragraph 32.  Maximus Federal is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 32, and therefore, denies same and demands strict proof thereof.

33.     Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 33, and therefore, denies same and demands strict proof thereof.

34.     Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 34, and therefore, denies same and demands strict proof thereof.

## CLASS ALLEGATIONS

35.     The allegations in Paragraph 35 contain legal conclusions to which no response is required.  To the extent a response is required, Maximus Federal admits only that Plaintiff seeks to bring this action on behalf of all other persons similarly situated, but denies that her claims are suitable for class treatment.

36.     The allegations in Paragraph 36 contain legal conclusions to which no response is required.  To the extent a response is required, Maximus Federal denies that Plaintiff's claims are suitable for class treatment.

37.     The allegations in Paragraph 37 contain legal conclusions to which no response is required.  To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

36705664.1 03/13/2020

38.     Maximus Federal admits only that Plaintiff seeks certification of the putative class as defined in Paragraph 38, but denies that Plaintiff's claims are suitable for class treatment.

39.     Maximus Federal admits only that Plaintiff excludes certain individuals and entities from the putative class as outlined in Paragraph 39, but denies that Plaintiff's claims are suitable for class treatment.

40.     The allegations in Paragraph 40 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

41.     The allegations in Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

42.     The allegations in Paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

43.     The allegations in Paragraph 43 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

44.     The allegations in Paragraph 44 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

36705664.1 03/13/2020

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

45. Maximus Federal incorporates by reference each response set forth above as if fully set forth herein.

46. The allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

47. The allegations in Paragraph 47 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

48. The allegations in Paragraph 48 contain legal conclusions to which no response is required.

49. The allegations in Paragraph 49 contain legal conclusions to which no response is required.

50. The allegations in Paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

51. The allegations in Paragraph 51 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal admits only that Plaintiff's loans were more than 270 days delinquent and considered to be in default by the DOE. Maximus Federal denies that Plaintiff's loan was transferred or assigned to Maximus as stated. Maximus Federal is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 51, and therefore, denies same and demands strict proof thereof.

36705664.1 03/13/2020

52.     Maximus Federal denies the allegations in Paragraph 52 and demands strict proof thereof.

53.     Maximus Federal denies the allegations in Paragraph 53 and demands strict proof thereof.

54.     Maximus Federal denies the allegations in Paragraph 54 and demands strict proof thereof.

55.     The allegations in Paragraph 55 contain legal conclusions to which no response is required.  To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

**COUNT II**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f**

56.     Maximus Federal incorporates by reference each response set forth above as if fully set forth herein.

57.     The allegations in Paragraph 57 contain legal conclusions to which no response is required.

58.     The allegations in Paragraph 58 contain legal conclusions to which no response is required.

59.     The allegations in Paragraph 59 contain legal conclusions to which no response is required.

60.     Maximus Federal admits only that Plaintiff's 2018 federal tax refund was originally withheld pursuant to the Treasury Offset Program, but further states that such tax refund was later refunded to Plaintiff.  Maximus Federal denies that Plaintiff's status as a BD Applicant had been processed by Maximus Federal at the time her federal tax refund was

originally withheld by the Treasury Offset Program. Maximus Federal further denies that it engaged in any involuntary collection activity as stated in Paragraph 60.

61.     The allegations in Paragraph 61 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are directed at Maximus Federal, Maximus Federal denies the allegations and demands strict proof thereof.

62.     The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

63.     The allegations in Paragraph 63 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

## **PRAYER FOR RELIEF**

Maximus Federal denies that Plaintiff is entitled to any relief claimed in the Prayer for Relief.

**WHEREFORE** Maximus Federal demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's claims with prejudice, and awarding costs, attorneys' fees, and such other relief as this Court deems just and equitable.

36705664.1 03/13/2020

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring her claims against Maximus Federal.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under 15 U.S.C. § 1692, any subdivision thereof, or any other applicable statute for actual damages, punitive damages, statutory damages, costs of suit, or fees.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the FDCPA because Maximus Federal is not a debt collector under 15 U.S.C. § 1692a(6).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under 15 U.S.C. § 1692e because Maximus Federal did not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under 15 U.S.C. § 1692e(2)(A) because Maximus Federal did not make a false representation of the character, amount, or legal status of any debt.

36705664.1 03/13/2020

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under 15 U.S.C. § 1692f because Maximus Federal did not use any unfair or unconscionable means to collect or attempt to collect any debt.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under 15 U.S.C. § 1692f(1) because Maximus Federal did not collect any amount that was expressly prohibited by law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the FDCPA because the bona fide error defense in 15 U.S.C. § 1692k(c) applies.

## ELEVENTH AFFIRMATIVE DEFENSE

Maximus Federal acted in accordance with all applicable laws, practices, standards, and regulations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she has not suffered any damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the government contractor defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

Maximus Federal reserves the right to supplement the affirmative defenses asserted herein throughout trial.

36705664.1 03/13/2020

**SAUL EWING ARNSTEIN & LEHR LLP**


<u>*/s/ Marisa Rachel De Feo*</u>
Marisa Rachel De Feo (316123)
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-1976
Marisa.DeFeo@saul.com
*Attorneys for Defendant*
*Maximus Federal Services, Inc.*

Dated: March 13, 2020