IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JAIMARIA BODOR, individually and on : 
behalf of all others similarly situated, :
:
Plaintiffs, :
:
v. : Civil No. 5:19-cv-05787-JMG
:
MAXIMUS FEDERAL SERVICES, INC., :
:
Defendant. :
_____

## SCHEDULING ORDER

**AND NOW**, this 10th day of April, 2020, following a pretrial conference with counsel for the parties, and pursuant to Federal Rule of Civil Procedure 16 and Local Rule of Civil Procedure 16.1(b), **IT IS HEREBY ORDERED** as follows:

1. All motions to amend the Complaint and to join or add additional parties shall be filed on or before **May 5, 2020**.

2. All fact and expert discovery shall be served, noticed, and completed by **February 23, 2021**.[1] Discovery shall proceed in two phases. Phase I is intended to prepare the parties' motions and responses for class certification and for summary judgment related to Plaintiff's claim. Phase II, if the Court certifies a class, is intended to prepare the parties for trial of the defined Class's claims. Nothing in this Order precludes written discovery addressing Phase II before certification but the responding party need not respond to Phase II discovery until ten (10) days after our certification Order.

---

[1] At the request of the parties, this discovery schedule has been expanded to accommodate logistical challenges anticipated during the COVID-19 pandemic. Discovery began March 31, 2020. Should all parties wish to extend any discovery deadline without extending any other deadlines in this Order, the parties may agree to do so without seeking leave.

3. Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory on Phase I issues no later than **September 22, 2020,** and on Phase II issues by **January 26, 2021.** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party for Phase I no later than **October 8, 2020** and for Phase II no later than **February 11, 2021.** Expert depositions, if any, shall be concluded no later than **October 27, 2020** in Phase 1 and **February 23, 2021** in Phase II**.**

4. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses on liability and damages set forth in the preceding paragraph, serve opposing parties with concise details and/or documents covering the lay opinions of the Rule 701 witnesses, including the identity of each witness offering the expert opinion, the substance and the basis for each opinion.

5. **Phase I Discovery [210 days]:** Discovery relating to the claims, defenses, and arguments including the three issues identified below shall be completed **on or before October 27, 2020**.

    (a) By consent of the parties, the issues included in Phase I Discovery, Part A [120 days] which shall be completed **on or before July 28, 2020** are:
      i. Whether Plaintiff Bodor has Article III standing;
      ii. Whether Department of Treasury's withholding of Plaintiff Bodor's 2018 tax refund constitutes a violation of FDCPA; and
      iii. Whether government contractor defense applies to Defendant.

(b) Motions for summary judgment on the named Plaintiff's claims, if any, shall be filed by **July 28, 2020**. Responses shall be filed in accord with the Local Rules and this Court's Policies no later than **August 11, 2020**. Motions for summary judgment and responses shall be filed in the form prescribed in Judge Gallagher's Policies and Procedures.

(c) Phase I Discovery, Part B shall include issues related to class certification. At the conclusion of Phase I Discovery, Part B [90 days], a motion for class certification, if any, shall be filed on or before **October 27, 2020**.

   i. Upon filing for class certification, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion. All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page. The appendix shall include a table of contents. The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible. Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition. Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents. This Court will not consider party documents not included in the appendix. Parties shall provide Chambers with one (1) paper courtesy copy of all class

certification submissions by overnight mail or hand delivery within one (1) business day of filing.

(d) Response to the motion for class certification shall be filed on or before **November 10, 2020**.

6. **Phase II Discovery [120 days]** shall be completed on or before **February 23, 2021**.

7. If the case is not certified after Phase I but proceeds beyond summary judgment on Plaintiff's claims, we will hold a scheduling conference to address pre-trial steps necessary to set a date for a jury trial.

8. If the case is certified as a class action after Phase I:

    (a) All motions for decertification or for summary judgment on the class claims and *Daubert* motions, if any, shall be filed no later than **February 23, 2021**. Responses shall be filed no later than **March 9, 2021**.

    (b) No later than **March 16, 2021**, counsel for each party shall serve upon counsel for every other party a copy of each exhibit the party expects to offer at trial.

    (c) No later than **March 23, 2021**, each party shall file with the Clerk of Court a pretrial memorandum. The pretrial memorandum should be prepared in accordance with the provisions of the Local Rule of Civil Procedure 16.1(c) and should also include the following items:

      i. All stipulations of counsel.

      ii. A statement of objection to: (1) the admissibility of any exhibit based on authenticity; (2) the admissibility of any evidence expected to be offered for any reason (except relevancy); (3) the adequacy of the qualifications of an expert witness expected to testify; and (4) the admissibility of any opinion

testimony from lay witnesses pursuant to Federal Rule of Evidence 701. Such objection shall describe with particularity the ground and the authority for the objection.

iii. Deposition testimony (including videotaped deposition testimony) that the party intends to offer during its case-in-chief. The statement should include citations to the page and line number and the opposing party's counter-designations.

iv. A statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

(d) All motions *in limine* shall be filed no later than **March 30, 2021**. Responses, if any, shall be filed no later than **April 6, 2021**.

(e) No later than **March 30, 2021**, any objections to designations of deposition testimony shall set forth the page and line numbers of the challenged testimony and a clear statement for the basis of that objection. The objecting party must provide the Court with a copy of the deposition transcript with the challenged testimony highlighted. Any objection not made in conformity with this Order will be deemed waived.

(f) No later than **March 30, 2021**, the parties shall file with the Clerk of Court joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. Each party shall also file proposed jury instructions, verdict forms or special interrogatories on those issues not agreed upon by the parties in their joint submission.

(g) A final pretrial conference will be held on **Tuesday, April 6, 2021, at 11:00 a.m., in Chambers**. Counsel shall be prepared to address any pending motions *in limine*, and objections to witnesses and exhibits. Trial counsel must attend the final pretrial conference and only those attorneys attending the conference may participate in the trial.

9. This case will be listed for trial on the certified class claims beginning **Friday, April 16, 2021, at 9:00 a.m.**

**BY THE COURT:**

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge