# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR, individually and on behalf of all others similarly situated, <br><br> Plaintiff(s), <br><br> v. <br><br> MAXIMUS FEDERAL SERVICES, INC. <br><br> Defendant. | Civil Action No.: 5:19-cv-05787-EGS <br><br> **DEFENDANT MAXIMUS FEDERAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant Maximus Federal Services, Inc. ("Maximus Federal") by and through its counsel, Saul Ewing Arnstein & Lehr LLP, hereby answers the Amended Complaint of Plaintiff Jaimaria Bodor ("Plaintiff") as follows:

## INTRODUCTION

1. The allegations in Paragraph 1 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal specifically denies that it is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). Maximus Federal denies the remaining allegations in Paragraph 1.

2. Maximus Federal admits only that Plaintiff's 2018 federal tax refund was originally withheld pursuant to the United States Treasury Offset Program (the "Treasury Offset Program"), but further states that such tax refund was later refunded to Plaintiff. Maximus Federal denies that Plaintiff's status as a Borrower Defense to Repayment Applicant ("BD Applicant" or "BD Application") had been processed by Maximus Federal at the time her federal tax refund was originally withheld by the Treasury Offset Program. Maximus Federal further denies that it

engaged in any collection activity as stated in Paragraph 2. Maximus Federal is without sufficient information to form a belief as to the remaining allegations in Paragraph 2, and therefore, denies same and demands strict proof thereof.

3. The allegations in Paragraph 3 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal specifically denies that it is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6). Maximus Federal denies the remaining allegations in Paragraph 3.

4. The allegations in Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal admits only that Plaintiff asserts her claim for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") on behalf of herself and a putative class of similarly situated persons. However, Maximus Federal denies Plaintiff's claims are appropriate for class treatment and/or that Maximus Federal violated the FDCPA. The remaining allegations in Paragraph 4 are denied as stated.

## **JURISDICTION**

5. The allegations in Paragraph 5 contain legal conclusions to which no response is required.

6. The allegations in Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal admits only that it engages in business within this district, but denies it engaged in any "debt collection activity." Maximus Federal is without sufficient information to form a belief as to the remaining allegations in Paragraph 6, and therefore, denies same and demands strict proof thereof.

## PARTIES

7. The allegation that Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) is a legal conclusion to which no response is required. Maximus Federal is without sufficient information to form a belief as to the remaining allegations in Paragraph 7, and therefore, denies same and demands strict proof thereof.

8. The allegation that Maximus Federal is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) is a legal conclusion to which no response is required. Maximus Federal admits only that it is a Virginia corporation with a principal place of business in Falls Church, Virginia.

## Maximus is a Debt Collector[1]

9. The statute referenced in Paragraph 9 speaks for itself, therefore, no response is required. Maximus Federal denies the remaining allegations in Paragraph 9 as stated.

10. Maximus Federal states that upon and information and belief the United States Department of Education ("DOE") assigns federal student loans to one of a number of student loan servicers after it is disbursed. The remaining allegations in Paragraph 10 are denied as stated.

11. Maximus Federal admits that after 360 days of non-payment by a borrower, certain loans may be assigned to the DOE's Debt Management and Collection System ("DMCS"). The remaining allegations in Paragraph 11 are denied as stated.

12. The DOE's website speaks for itself, therefore, no response is required.

13. Maximus Federal admits that on or about September 30, 2013 it entered into a contract with the DOE to, among other things, operate and maintain the DOE's DMCS (the

---

[1] Maximus Federal uses the same headings as set forth in Plaintiff's Amended Complaint, but the use of such headings is not intended and does reflect Maximus Federal's acknowledgement or agreement with the statements made therein.

"Contract"). Maximus Federal further admits that the Contract was assigned contract number ED-FSA-13-C-0021, the total value of which speaks for itself and for which no further response is required.

14. Maximus Federal admits that pursuant to the terms of the Contract, it is responsible for establishing and maintaining a call center to respond to inquiries from borrowers and various third parties, and to communicate with borrowers pursuant to the Contract and/or the directions and instructions provided by the DOE. The remaining allegations in Paragraph 14 are denied as stated.

15. The allegations in Paragraph 15 contain legal conclusions to which no response is required.

16. Admitted.

17. Maximus Federal denies the allegations in Paragraph 17 as stated.

### The Borrower Defense Rule

18. Maximus Federal admits only that, upon information and belief, Plaintiff's loans were in default at the time they were transferred to DMCS. Maximus Federal denies that any loans "were transferred" to it as stated in Paragraph 18. Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 18 relating to the putative class members, and therefore, denies same and demands strict proof thereof.

19. The allegations in Paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal admits only that borrowers file BD Applications in certain instances.

20. The allegations in Paragraph 20 contain legal conclusions to which no response is required. To the extent a response is required, the regulations referenced in Paragraph 20 speak for themselves and therefore, no response is required.

21. Maximus Federal denies the allegations in Paragraph 21 as stated.

22. Paragraph 22 includes allegations that are directed at parties other than Maximus Federal, and for those allegations, no response is required. For those allegations directed at Maximus Federal, Maximus denies those allegations in Paragraph 22 as stated.

23. Maximus Federal denies the allegations in Paragraph 23 as stated.

24. Maximus Federal denies the allegations in Paragraph 24 as stated. Maximus Federal states that it is responsible for initiating certain refund checks to borrowers whose federal payments were incorrectly offset, but those refund payments must be approved the United States Office of Federal Student Aid ("FSA"), and if approved, the United States Department of Treasury is responsible for issuing the refund checks.

### **Maximus Routinely Violates the Protections of the Borrower Defense Application Process**

25. The allegations in Paragraph 25 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal admits only that, upon information and belief, Plaintiff submitted a BD Application to the DOE's contractor. The remaining allegations in Paragraph 25 are denied as stated.

26. The allegations contained Paragraph 26 are not directed to Maximus Federal and therefore, no response is required. To the extent a response is required, the Action referenced in Paragraph 26 speaks for itself and no response is required.

27. The allegations in Paragraph 27 contain a legal conclusion to which no response is required. To the extent a response is required, the court order and report referenced in Paragraph 27 speaks for itself, therefore, no response is required.

28. The allegations contained Paragraph 28 are not directed to Maximus Federal and therefore, no response is required.

29. The website referenced in Paragraph 29 speaks for itself, therefore, no response is required.

**<u>Background on Plaintiff and<br>Her Borrower Defense Application</u>**

30. Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 30, and therefore, denies same and demands strict proof thereof.

31. Maximus Federal admits only that, upon information and belief, Plaintiff submitted a BD Application to another DOE contractor. Maximus Federal is without sufficient information to form a belief as to the remaining allegations in Paragraph 31, and therefore, denies the same and demands strict proof thereof.

32. Upon information and belief, Plaintiff elected to place her loans in forbearance and stop collections while her BD Application is reviewed by DOE.

33. Maximus Federal is without sufficient information to form a belief as to the allegations contained in Paragraph 33, and therefore, denies same and demands strict proof thereof.

34. Maximus Federal admits only that Plaintiff's 2018 federal tax refund was originally withheld pursuant to the Treasury Offset Program, but further states that such tax refund was later refunded to Plaintiff. The remaining allegations in Paragraph 34 contain legal conclusions to which no response is required. To the extent a response to the remaining allegations in Paragraph 34 is required, the allegations are denied.

35. Upon information and belief, Maximus Federal admits that Plaintiff's BD Application is currently pending with the DOE.

36. Maximus Federal admits that, upon information and belief, Plaintiff's tax refund was returned to her by the United States Department of Treasury in or about October 2019.

**Class Allegations**

37. The allegations in Paragraph 37 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal admits only that Plaintiff seeks to bring this action on behalf of all persons described in Paragraph 37, but denies that Plaintiff's claims are suitable for class treatment.

38. Maximus Federal admits only that Plaintiff excludes certain individuals and entities from the putative class as outlined in Paragraph 38, but denies that Plaintiff's claims are suitable for class treatment.

39. The allegations in Paragraph 39 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

40. The allegations in Paragraph 40 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

41. The allegations in Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

42. The allegations in Paragraph 42 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

43. The allegations in Paragraph 43 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

**COUNT I**
**THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e**
**FALSE OR MISLEADING REPRESENTATIONS**

44. Maximus Federal incorporates by reference each response set forth above as if fully set forth herein.

45. The allegations in Paragraph 45 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

46. The allegations in Paragraph 46 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

47. The allegations in Paragraph 47 contain legal conclusions to which no response is required.

48. The allegations in Paragraph 48 contain legal conclusions to which no response is required.

49. The allegations in Paragraph 49 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

50. The allegations in Paragraph 50 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal admits only that upon information and belief, Plaintiff's loans were more than 270 days delinquent and considered to be in default by the DOE. Maximus Federal denies that Plaintiff's loan was transferred or assigned to Maximus Federal as stated. Maximus Federal is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 50, and therefore, denies same and demands strict proof thereof.

51. Maximus Federal denies the allegations in Paragraph 51 and demands strict proof thereof.

52. The allegations in Paragraph 52 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations in Paragraph 52 and demands strict proof thereof.

53. The allegations in Paragraph 53 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations in Paragraph 53 as stated.

54. The allegations in Paragraph 54 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

## COUNT II
## THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

55. Maximus Federal incorporates by reference each response set forth above as if fully set forth herein.

56. The allegations in Paragraph 56 contain legal conclusions to which no response is required.

57. The allegations in Paragraph 57 contain legal conclusions to which no response is required.

58. The allegations in Paragraph 58 contain legal conclusions to which no response is required.

59. Maximus Federal admits only that Plaintiff's 2018 federal tax refund was originally withheld pursuant to the Treasury Offset Program, but further states that such tax refund was later refunded to Plaintiff. Maximus Federal denies that Plaintiff's status as a BD Applicant had been processed by Maximus Federal at the time her federal tax refund was originally withheld by the Treasury Offset Program. Maximus Federal is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 59, and therefore, denies same and demands strict proof thereof.

60. The allegations in Paragraph 60 contain legal conclusions to which no response is required. To the extent a response is required and the allegations are directed at Maximus Federal, Maximus Federal denies the allegations and demands strict proof thereof.

61. The allegations in Paragraph 61 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

62. The allegations in Paragraph 62 contain legal conclusions to which no response is required. To the extent a response is required, Maximus Federal denies the allegations and demands strict proof thereof.

## **PRAYER FOR RELIEF**

Maximus Federal denies that Plaintiff is entitled to any relief claimed in the Prayer for Relief.

**WHEREFORE** Maximus Federal demands that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's claims with prejudice, and awarding costs, attorneys' fees, and such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring her claims against Maximus Federal.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under 15 U.S.C. § 1692, any subdivision thereof, or any other applicable statute for actual damages, punitive damages, statutory damages, costs of suit, or fees.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under the FDCPA because Maximus Federal is not a debt collector under 15 U.S.C. § 1692a(6).

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under 15 U.S.C. § 1692e because Maximus Federal did not use any false, deceptive, or misleading representations or means in connection with the collection of any debt.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a claim under 15 U.S.C. § 1692e(2)(A) because Maximus Federal did not make a false representation of the character, amount, or legal status of any debt.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff cannot state a claim under 15 U.S.C. § 1692f because Maximus Federal did not use any unfair or unconscionable means to collect or attempt to collect any debt.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff cannot state a claim under 15 U.S.C. § 1692f(1) because Maximus Federal did not collect any amount that was expressly prohibited by law.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot state a claim under the FDCPA because the bona fide error defense in 15 U.S.C. § 1692k(c) applies.

**ELEVENTH AFFIRMATIVE DEFENSE**

Maximus Federal acted in accordance with all applicable laws, practices, standards, and regulations.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because she has not suffered any damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the government contractor defense.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Maximus Federal reserves the right to supplement the affirmative defenses asserted herein throughout trial.

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Marisa Rachel De Feo*
Marisa Rachel De Feo (316123)
Ryan DiClemente, *admitted pro hac vice*
1500 Market Street, 38th Floor
Philadelphia, Pennsylvania 19102
(215) 972-1976
Marisa.DeFeo@saul.com
Ryan.DiClemente@saul.com
*Attorneys for Defendant*
*Maximus Federal Services, Inc.*

Dated: June 4, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing document to be served upon all counsel of record via the Court's Electronic Case Filing System.

Dated: June 4, 2020											*/s/ Marisa Rachel De Feo*
															Marisa Rachel De Feo