IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIMARIA BODOR, | : | CIVIL ACTION |
| Individually and on behalf of all others similarly situated, | : : : | |
| Plaintiffs, | : | |
| v. | : : | NO. 19-cv-5787(JMG) |
| MAXIMUS FEDERAL SERVICES, INC., | : : | |
| Defendant. | : | |

Plaintiff Jaimaria Bodor ("Plaintiff") and Defendant Maximus Federal Services, Inc. ("Defendant") stipulate to and request that the Court enter the following Stipulated Protective Order:

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which protection from public disclosure may be warranted. The parties acknowledge that this Order does not confer blanket protection on all disclosures or discovery and that the protection it affords extends only to the limited information or items that are entitled to be treated as confidential under the terms of this Order. Furthermore, the parties acknowledge that neither this Order nor any confidentiality designation pursuant to it constitutes a ruling by this Court that any specific information is, in fact, confidential.

37307870.1

**2.     CONFIDENTIAL INFORMATION**

As used in this order, "Confidential Information" shall mean information or tangible things for which there is good cause for secrecy under Federal Rule of Civil Procedure 26(c). Examples of such information include social security or taxpayer-identification numbers; names of minor children; financial account numbers; and trade secrets, competitively-sensitive technical, marketing, financial, sales or other confidential business information, student loan records, pricing information; or that contains information received in confidence from third parties, including, but not limited to, the Department of Education; or documents to which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

"Confidential Information" does not include any information that:

a. is publicly available at the time of disclosure;

b. becomes publicly available after disclosure through no fault of the Receiving Party (defined below);

c. the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure.

**3.     ADDITIONAL DEFINITIONS**

3.1.    Party: any party to this action, including all of its officers, directors, consultants, retained experts, and counsel (and their support staff)

3.2.    Non-party: any person or entity other than a party

37307870.1

3.3. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter

3.4. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated by a Party or Non-party as "confidential" in accordance with paragraph 4, unless the confidentiality designation is challenged and (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order holding that the material is entitled to protection within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing

3.5. <u>Producing Party</u>: a Party or Non-party that produces Disclosure or Discovery Material in this action

3.6. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party

3.7. <u>Designating Party</u>: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as confidential. The Designating Party bears the burden of establishing good cause for the confidentiality of all such information or items.

3.8. <u>Challenging Party</u>: a Party that challenges a Designating Party's confidentiality designation

3.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action

3.10. <u>House Counsel</u>: attorneys who are employees of a Party

3.11. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs)

3.12. <u>Expert</u>: a person who has been retained by a Party or Counsel to serve as a testifying or non-testifying expert witness or as a consultant in this action, including any person specially retained to provide expert opinions in a hybrid capacity. This definition includes a professional jury or trial consultant retained in connection with this litigation. Nothing about this definition or this Order is meant to preclude exchange of information with any consultant or testifying expert, regardless of whether they are specially retained for the purposes of this litigation.

3.13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.*) and their employees and subcontractors

## 4. DESIGNATING MATERIAL AS CONFIDENTIAL

4.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The designation of material as confidential shall constitute a representation to the Court that the Designating Party and its counsel believe in good faith that the information constitutes Confidential Information. Parties and Non-parties shall

make a good faith effort to designate information in a way that provides the greatest level of disclosure possible, while still preserving the confidentiality of Confidential Information.

Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to the specific material that qualifies for protection as Confidential Information. If only part of a document contains Confidential Information, the whole document shall not be designated confidential. Instead, solely the specific information that is confidential shall be so designated.

Mass, indiscriminate, or routinized designations are strictly prohibited.

If it comes to a Designating Party's attention that information that it designated confidential does not qualify for protection, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly designated confidential before the material is disclosed or produced.

Designation in conformity with this Order requires:

a. <u>For information in documentary form</u> (apart from transcripts of depositions), the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains material designated confidential.

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be treated as Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Confidential Information.

      b. <u>For testimony given in deposition proceedings</u>, the Party or Non-party offering or sponsoring the testimony must identify on the record, before the close of the deposition, all confidential testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may constitute Confidential Information, the Party or Non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to fourteen (14) days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order.

The court reporter must affix the legend "CONFIDENTIAL" at the bottom of transcript pages containing information designated as confidential, as instructed by the Party or Non-party offering or sponsoring the witness or presenting the testimony. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the confidential portion(s) (*e.g.,* by making appropriate markings in the margins, but not over text).

   c. <u>For information produced in some form other than documentary and for any other tangible items</u>, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

  4.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate information or items as confidential does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as confidential after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

37307870.1

**5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   5.1.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time during the litigation . A Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   5.2.    <u>Procedure for Parties Challenging Confidentiality Designations.</u> A Party may challenge the designation of a document or other material as Confidential as follows:

   a. If a Party believes that material has been improperly designated Confidential, that Party shall provide to the Designating Party written notice challenging the designation(s). During the 10-day period following provision of this written notice to the Designating Party (the "Meet and Confer Period"), the Challenging and Designating Parties shall try to resolve the challenge in good faith on an informal basis.

   b. If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the Designating Party shall have 20 days from the receipt of the written challenge notice to file a motion requesting that the Court determine whether the challenged material is, in fact, entitled to protection and that, if so, the Court issue a protective order requiring that the challenged material not be disclosed. The Designating Party bears the burden of establishing that the challenged material is entitled to protection.

Any material designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the Designating Party's motion or, if no motion is made, until the time for the Designating Party to bring a motion has expired. Failure by the Designating Party to make such a motion within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described within this order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to those authorized to access it under this Order.

6.2.    Disclosure of Protected Material. With the exception of material disclosed under Section 7.3 below, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated confidential only to:

a. Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

b. Parties to this litigation and their officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation;

c. Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

d. the Court, including associated personnel necessary to assist the Court in its functions;

e. litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

f. other Professional Vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the

10

37307870.1

"Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

      g.  any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings;

      h.  the author(s) of the document or the original source(s) of the information;

      i.  counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

      j.  any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

      k.  any other person as to whom the Producing Party has consented to disclosure in advance and in writing.

6.3. <u>Disclosure to the Government</u>. Notwithstanding this Order or any confidentiality designations under it, any Party may disclose relevant information to any regulatory or law enforcement agency or government entity that has an interest in the subject matter of the underlying suit.

## 7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of Protected Material, the Receiving Party must so notify the Designating Party in writing (by e-mail, if possible) within five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly notify in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

If the Designating Party timely seeks a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by that court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as

12

37307870.1

authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**8.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must promptly (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

**9.** **USE OF PROTECTED MATERIAL IN COURT**

Neither this Order, nor any confidentiality designation under it, is a sufficient basis for sealing court records. The procedure for filing Protected Material with the Court shall be as follows:

a.  If the filing party is the Designating Party, it shall not move to seal any material that it does not, in good faith, believe meets the legal standard for sealing—even if it has previously marked such material confidential under this Order. If, after evaluating in good faith whether the information meets the legal standard for sealing, the Designating Party still seeks to file information under

seal, it must file a motion to seal, demonstrating with particularity that each document or portion thereof that the party seeks to seal meets the legal standard for sealing. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the party seeks to seal and provides a factual basis for the party's claim that sealing is warranted. Unless the party believes in good faith that an entire document meets the standard for sealing court records, it shall also file a redacted version of the document on the public docket.

      b.  If the filing party is not the Designating Party, it must file the Protected Material provisionally under seal, accompanied by a declaration explaining that the Protected Material is filed under seal only provisionally to give the Designating Party an opportunity to file a motion to seal; identifying the specific documents or portions thereof that have been designated confidential; and identifying the Designating Party. Unless an entire document is marked confidential, the filing party shall also file a public version of the document, with the Protected Material redacted, on the public docket.

    If the Designating Party believes in good faith that the Protected Material should be sealed, it must file a motion to seal within seven (7) days. This motion must be accompanied by a declaration that specifically identifies each document or portion thereof the Designating Party seeks to seal and provides a factual basis for the Designating Party's claim that sealing is warranted.

Absent an order granting an extension, if the Designating Party does not file a motion to seal within this deadline, it waives the right to have the material sealed, and the filing party shall file it on the public docket within seven (7) days of the deadline passing. If the Designating Party does file such a motion, the material will remain under seal provisionally unless and until the Court rules otherwise.

## 10. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect unless and until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 11. MISCELLANEOUS

11.1 <u>Public Health and Safety</u>. Nothing in this Order is intended to prevent any Party or Non-party from raising with the Court any concern that the non-disclosure of Protected Material may have an adverse effect upon public health or safety, or the administration or operation of government or public office, and therefore the public interest in disclosure outweighs any interest in secrecy.

11.2 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.3 <u>Non-Parties</u>. Nothing in this Order affects the right of Non-parties to this action to challenge this Order, any confidentiality designations made pursuant to the Order, or the sealing of any court records in this case.

11.4 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

           */s/ Cary L Flitter*
           Cary L. Flitter
           Andrew M. Milz
           FLITTER MILZ, P.C.
           450 N. Narberth Avenue, Suite 101
           Narberth, PA  19072
           (Tel) 610-822-0782
           cflitter@consumerslaw.com
           amilzconsumerslaw.com
           *Attorneys for Plaintiff*

           */s/ Marisa Rachel De Feo*
           Marisa Rachel De Feo
           Ryan L. DiClemente
           SAUL EWING ARNSTEIN & LEHR LLP
           Centre Square West
           1500 Market Street, 38th Floor
           Philadelphia, PA 19102
           (Tel) 215-972-1976
           Marisa.DeFeo@saul.com
           Ryan.DiClemente@saul.com
           *Attorneys for Defendant*

Dated: August 14, 2020

SO ORDERED, this the _____ day of _____, 2020.

_____
The Honorable

CONSENTED TO:

*Counsel for the Plaintiff:*

_____

*Counsel for the Defendant:*

_____

# EXHIBIT A

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIMARIA BODOR, | : | CIVIL ACTION |
| Individually and on behalf of all | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | NO. 19-cv-5787(JMG) |
| | : | |
| MAXIMUS FEDERAL SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |

---

I acknowledge that I have read and understand the Stipulated Protective Order entered in this action on _____, 2020, and agree to abide by its terms and conditions.

Signed this _____ day of _____, 2020.

_____
Signature

_____
Printed Name

_____
Address

_____
Telephone Number