IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>individually and on behalf of all<br>others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br><br>Defendant. | Civil Action No. 5-19-cv-05787-JMG |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Local Civil Rule 26.1(b), and section I.C.2 of this Court's Individual Policies and Procedures, Plaintiff Jaimaria Bodor moves to compel Defendant Maximus Federal Services, Inc. ("Maximus") to immediately produce non-privileged documents responsive to her requests for production concerning Maximus's contract and communications with the Department of Education ("DOE"), as well as Plaintiff's own file. Maximus admits that these documents are in its possession and claims it is willing to provide them; nevertheless, Maximus has not produced them because—Maximus claims—it is waiting on DOE's permission to do so. Plaintiff initially believed that this dispute could be avoided by permitting Maximus to promptly obtain that permission. But Maximus's failure to obtain timely permission from DOE has been the stated obstacle to production for more than four months. Plaintiff grows concerned that further delay will prejudice the Plaintiff's ability to oppose Defendant's upcoming Motion for Summary Judgment and will continue to cause undue delays throughout the pendency of the case. Accordingly, Plaintiff respectfully asks this Court to compel Maximus to comply with

1

its discovery obligations under the Federal Rules, regardless of whether the DOE "approves" the production, and to stop Maximus from withholding documents on this basis.

## I. BACKGROUND

Maximus is a private debt collector which contracted with the DOE to collect on defaulted federal student loans. Am. Compl., ECF No. 29, ¶¶ 9–12. Plaintiff alleges, on behalf of herself and others similarly situated, that Maximus violated the Fair Debt Collection Practices Act by continuing involuntary collections on their loans when such activity should have ceased in accordance with applicable law because they submitted a Borrower Defense application. *Id.* ¶ 25.

On April 20, 2020, Plaintiff served document requests on Maximus ("RFPs").[1] L.R. 26.1(f) Rossman & Buttrick Cert., ¶ 1 (submitted herewith). Maximus still has not made a complete production on these requests, although it has acknowledged there are additional responsive documents in its possession. *Id.* ¶¶ 28, 31. For instance, with respect to RFP No. 11, which seeks documents concerning Plaintiff, Maximus's counsel stated in an August 13 email that Maximus would attempt to provide a screenshot of Ms. Bodor's account—but to date, no such material has been produced. *Id.* ¶ 18. On an August 26 call, Maximus' counsel stated that Maximus had identified additional documents responsive to RFP Nos. 1, 3, 11, and 14. *Id.* ¶ 28. These

---

[1] Relevant to this motion, RFP No. 1 requests: "All documents concerning your policies, practices and procedures for processing or handling Borrower Defense Applications, including but not limited to any manuals, reference guides, guidance, directions or other instructions." RFP No. 3. Requests: "All documents concerning your policies, practices and procedures concerning the Treasury Offset Program, including but not limited to any practices, policies, procedures, responsibilities and instructions you have or follow concerning a student loan borrower who is subject to tax offset or is entitled to a refund of tax offset." RFP No. 11 requests: "All documents concerning Plaintiff, regardless of date, including any documents concerning her Borrower Defense Application or the offset of her 2018 tax refund." RFP No. 14 requests: "All documents concerning your practices, policies and procedures to avoid errors in your handling of student loan accounts, including, but not limited, to Borrower Defense Applications, the Debt Management and Collections System, and the Treasury Offset Program."

documents, too, have not been produced. *Id.* ¶ 31.

Maximus explains its delays by claiming Maximus's contract with the DOE required it to seek the Department's approval before producing documents. *Id.* ¶¶ 2, 4, 6. Plaintiff's counsel has repeatedly objected to that contention. *Id.* ¶¶ 5, 20, 28. Because Maximus's counsel previously represented that obtaining DOE permission should not interfere with the case schedule, however, Plaintiff's counsel intended to avoid raising the issue with the Court. *Id.* ¶¶ 6, 20, 21, 28.

Maximus made its first and only substantive production in this case on July 13, 2020, when it produced 167 pages of documents, many of which were heavily redacted.[2] *Id.* ¶ 9. Since then, Maximus has made no further productions, citing the DOE as the reason for delays. In calls on August 13 and August 26, Maximus's counsel stated that DOE approval was holding up production but represented that the production would be forthcoming shortly. *Id.* ¶¶ 20, 28. During calls on September 11 and 15, Maximus's counsel alleged that the DOE review was causing further delays. Plaintiff's counsel reaffirmed that the parties had reached impasse on this issue. *Id.* ¶¶ 27, 29.

In addition, Maximus has not produced any ESI (i.e. internal emails and their attachments). The parties reached agreement on search terms and custodians on July 15, 2020. *Id.* ¶ 10. In late August, Maximus informed Plaintiff that the agreed-on terms were hitting on far more documents than expected. *Id.* ¶¶ 23, 24. But on September 4, 2020, four days after representing to the Court that Maximus would be required to review more than 28,000 documents, Maximus's counsel informed Plaintiff that, due to vendor error, that number was only 2,133. *Id.* ¶ 26. Now, almost three more weeks have passed, and Maximus still has not produced any ESI. *Id.* ¶ 31.

Maximus's counsel is now unable to identify a firm timeline for production of any additional documents. *Id.* ¶ 27. Thus, despite substantial efforts to avoid this dispute, Plaintiff

---

[2] Unredacted versions of these documents were finally produced on August 19, 2020.

seeks the Court's intervention to stop these delays from prejudicing her ability to pursue discovery and pursue her class case.

## I. ARGUMENT

Maximus admits that it has identified responsive documents concerning its policies for handling the Borrower Defense applications that are at the heart of this case (RFP No. 1); its policies concerning borrowers subject to a tax offset by the Treasury Offset Program ("TOP") (RFP No. 3); its policies for avoiding errors in handling student loan accounts (RFP No. 14); and even documents concerning Plaintiff's own account (RFP No. 11). But Maximus claims it can unilaterally withhold these documents from production unless and until DOE gives its consent because DOE has "legal ownership" over these documents. That argument has no basis in law or fact and should be rejected.

"Under [Rule 34(a)], legal ownership of a document is not determinative. Possession or control over the documents is sufficient to permit a request for production." *In re Sunrise Sec. Litig.*, 109 B.R. 658, 661 (E.D. Pa. 1990); *see also In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (quoting *In Re Sunrise*). Accordingly, "[n]umerous courts, in this Circuit and beyond, have ruled that physical possession of documents is enough for the purposes of Rule 34(a)(1)." *Pennsylvania v. Navient Corp.*, 348 F. Supp. 3d 394, 398 (M.D. Pa. 2018). Indeed, one court in this District described a defendant's argument that he should not be required to produce documents in his possession because they were the "property" of another entity as "meritless." *Devon Robotics v. DeViedma*, No. 09-CV-3552, 2010 WL 3985877, at *2 (E.D. Pa. Oct. 8, 2010).

Courts repeatedly reject Maximus's argument in circumstances substantially similar to the present case. For instance, in *CFPB v. Navient Corporation*, a court in this Circuit compelled a different DOE loan servicer to produce documents, dismissing that servicer's objection that the

Department "own[ed] the documents" and so the servicer was "required to follow the directives of the Department of Education with respect to disclosure of the documents." No. 3:17-CV-101, 2018 WL 3824367, at *2 (M.D. Pa. Aug. 10, 2018). Instead, that court "agree[d] with Plaintiff that Defendants cannot assert that the records may ultimately belong to the Department of Education . . . to shield the requested borrower documents from production." *Id.*; *see also Washington, D.C. v. Navient Solutions LLC*, No. 2019-CA-5086 (D.C. Sup. Ct., Aug. 5, 2019) (enforcing a subpoena over servicer's argument that the Department of Education's authorization was required before production); *California v. Navient Corp.*, CGC-18-567732 (Cal. Sup. Ct., San Francisco Cty., May 8, 2019) (granting motion to compel over same objection).

Maximus's contract with the DOE similarly does not permit Maximus to avoid its discovery obligations here, because Maximus and the DOE cannot supersede Maximus's discovery obligations to a third party by contract. Just as another court in this Circuit held recently in *Pennsylvania v. Navient Corporation*, "[a servicer's] contract with [the DOE] is not a privilege that prevents [the servicer] from producing the borrower records and [the servicer] cites no legal authority in support of such a proposition." 348 F. Supp. 3d at 399.

DOE may—or may not—be putting Maximus in a bind by asserting that its consent is required before production and by failing to provide that consent promptly. An order from the Court will free Maximus from this bind and require Maximus to comply with its discovery obligations regardless of any inaction by the DOE. Accordingly, Plaintiff respectfully asks the Court to compel Maximus to immediately produce all non-privileged and responsive documents in its possession, irrespective of DOE's permission *vel non*.[3]

---

[3] Plaintiff proposes that the Court order that if Maximus is unable to produce responsive documents before the close of Phase IA discovery, it should be estopped from relying on those documents in any summary judgment motion on the Phase IA issues.

5

Respectfully submitted,

*/s/ Cary L. Flitter*
Cary L. Flitter
Andrew M. Milz
Flitter Milz, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782 tel
(610) 667-0552 fax
cflitter@consumerslaw.com
amilz@consumerslaw.com

Stuart T. Rossman
Persis Yu
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010 tel.
(617) 542-8028 fax
srossman@nclc.org
pyu@nclc.org

Joanna K. Darcus
National Consumer Law Center
1001 Connecticut Avenue NW, Suite 510
Washington, DC 20036
 (202) 452-6252 tel.
 (202) 296-4062 fax
jdarcus@nclc.org

Benjamin Elga
Brian Shearer
Craig L. Briskin
Alice Buttrick
Justice Catalyst Law, Inc.
81 Prospect Street
Brooklyn, NY 11201
(518) 732-6703 tel.
belga@justicecatalyst.org
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org
abuttrick@justicecatalyst.org

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on the date set forth below, I caused the foregoing document to be served upon all counsel of record via the Court's Electronic Case Filing system.


Date: 9/21/2020                                                      *s/Cary L. Flitter*
                                                                                    CARY L. FLITTER