# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br><br>Defendant. | Civil Action No. 5-19-cv-05787-JMG |

## LOCAL RULE 26.1(F) CERTIFICATION IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION

Undersigned counsel for Plaintiff, Jaimaria Bodor and the proposed Class hereby certifies pursuant to Local Rule 26.1(f) that the parties, after reasonable effort, are unable to resolve the dispute that is the subject of Plaintiff's Motion to Compel.

Specifically, Stuart T. Rossman, counsel for Plaintiff Jaimaria Bodor, hereby declares as follows, based on my personal knowledge:

1. On April 20, 2020, Plaintiff Jaimaria Bodor served discovery requests on Defendant Maximus.

2. During a June 2, 2020 call, Maximus's counsel informed me that Maximus believed it was required to seek consent from the Department of Education ("DOE") prior to producing documents.

3. In a June 8, 2020 email, Maximus's counsel provided what was represented to be evidence of the relevant contractual provisions. Maximus's counsel nevertheless stated in this

email that it was "moving forward with requesting approval" from the DOE and that Maximus was "hopeful this can happen fairly quickly."

4. On June 9, 2020, Maximus served responses and objections to Plaintiff's Requests for Productions, asserting, *inter alia*, its belief that it was required to seek permission from the DOE prior to production.

5. In a June 9, 2020 email, I explained Plaintiff's disagreement that the contractual provisions could supersede Maximus's discovery obligations under the Federal Rules of Civil Procedure.

6. In a June 10, 2020 email, Maximus's counsel asserted that documents concerning the DOE's Debt Management Collection System were the "property" of the DOE and that it needed permission from DOE to provide those documents. Maximus's counsel stated that "[w]hile we cannot agree on this point, I'm hopeful we can avoid having to litigate this dispute." Maximus represented that it could obtain permission and produce certain requested documents by June 25, 2020.

7. In the same June 10, 2020 email, Maximus's counsel stated that the DOE had asked Plaintiff to provide a signed release form authorizing Maximus and the DOE to turn over documents relating to her loans.

8. On July 7, 2020, I provided Plaintiff's signed release, but noted that I did not believe the release was either required or appropriate. I stated that I was providing Plaintiff's signed release in order to expedite discovery.

9. On July 13, 2020, Maximus made its first and only production of documents, consisting of 167 pages of documents. The documents were heavily redacted. Maximus's counsel did not provide a privilege log.

10. The parties reached agreement on search terms and custodians for electronically stored information ("ESI") (*i.e.* emails and other electronic files from agreed-upon document custodians) on July 15, 2020.

11. On July 16, 2020, I requested a privilege log by email.

12. On July 17, 2020, Maximus's counsel informed me by email that Maximus had begun the ESI searches.

13. On July 20, 2020, Maximus's counsel asked by email whether Plaintiff would agree to jointly move the Court for an extension of discovery deadlines.

14. On July 21, 2020, I emailed Maximus's counsel offering to jointly move the Court to extend the deadlines so long as Maximus's counsel agreed to provide a privilege log explaining the redactions, the unredacted versions of documents already provided if the redactions were not pursuant to a valid privilege, and the remaining documents responsive to Plaintiff's April 20 discovery request.

15. On July 21, 2020, Maximus's counsel responded by agreeing to my proposal regarding the motion and the production schedule. With respect to un-redacting previously produced documents, Maximus's counsel stated he would need to "follow-up with DOE to confirm that is acceptable, so we cannot agree to this proposal until we speak with them."

16. The parties filed a joint motion to extend discovery deadlines on July 22, 2020. The Court approved that motion on July 24, 2020.

17. In an August 7, 2020 email, my colleague identified a number of outstanding items responsive to Plaintiff's April 20 request that Maximus had not provided.

18. In an August 13 email, Maximus's counsel responded by stating that Maximus would provide a screenshot of Plaintiff's account in response to Plaintiff's outstanding requests and continue searching for other documents.

19. On an August 13, 2020 call, Maximus's counsel stated that Maximus was searching for and would produce additional contractual documents including those relating to the Treasury Offset Program, as well as documents like memoranda and internal policies. He also stated that Maximus would provide unredacted versions of documents already provided.

20. On this same August 13, 2020 call, Maximus's counsel also stated that the DOE would need to review any responsive ESI before production. My colleague expressed concern about potential delays caused by the DOE review. Maximus's counsel stated that the relevant division of DOE was aware of the search terms and custodians at issue.

21. In an August 19, 2020 email, Maximus's counsel stated his understanding "that we will be making a supplemental production based on our meet and confer discussion last week and I hope to provide that to you early next week."

22. In this same August 19, 2020 email, Maximus provided the unredacted versions of documents previously provided, more than a month after I requested a privilege log.

23. In an August 20, 2020 email, Maximus's counsel provided an initial report indicating that the parties' agreed-on search terms yielded approximately 3,000 documents for review. Maximus's counsel stated that, "Given the volume of documents, we anticipate that we will be ready to make a production by the end of next week."

24. In an August 21, 2020 email, Maximus's counsel provided a revised report indicating that the agreed-on search terms yielded over 28,800 documents for review.

25. On August 28, 2020, the parties filed their second motion for an extension of the deadlines in this matter, stating that the purpose of the extension was, *inter alia*, to address the unexpectedly high volume of potentially responsive ESI.

26. In a September 2, 2020 email, Maximus' counsel provided a revised report indicating that, due to vendor error, the agreed-on search terms in fact only hit on 2,133 documents.

27. On a September 15, 2020 call, Maximus's counsel informed me that the Department of Education was continuing to delay production, and that he could no longer provide an anticipated timeline for production.

Date: September 21, 2020     By: */s/ Stuart T. Rossman*
Stuart T. Rossman
MA BBO #430640
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010 tel.
(617) 542-8028 fax
srossman@nclc.org

*Counsel for Plaintiff*

Alice Buttrick, counsel for Plaintiff Jaimaria Bodor, hereby declares as follows, based on my personal knowledge:

28. On an August 26, 2020 call, I participated in a call discussing Maximus's outstanding production. Maximus's counsel stated that Maximus had located additional documents responsive to Plaintiff's RFP Nos. 1, 3, 11, and 14. Maximus's counsel stated that it was seeking consent from the relevant division of the DOE prior to production and aimed to produce the non-ESI documents by September 8. I expressed our disagreement that such consent was required.

29. In a September 11, 2020 call, Maximus's counsel stated that the DOE's review continued to delay production. I reiterated our disagreement that the DOE's consent was required for production, and confirmed that the parties had reached an impasse on this issue.

30. In an email on September 14, 2020, Maximus's counsel stated, "we have followed up with [DOE] and I hope to have the production of non-ESI related discovery to you in the near future."

31. To date, Maximus has not produced any of the documents discussed during the August 13, August 26, or September 11 calls, and has not produced any ESI.

Date: September 21, 2020     By: _/s/ Alice Buttrick_
Alice Buttrick
NY Bar. No. 5444120
Justice Catalyst Law, Inc.
81 Prospect Street
Brooklyn, NY 11201
(518) 732-6703 tel.
abuttrick@justicecatalyst.org

*Counsel for Plaintiff*