IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIMARIA BODOR, | : | CIVIL ACTION |
| Individually and on behalf of all | : | |
| others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | No. 5:19-cv-5787(JMG) |
| | : | |
| MAXIMUS FEDERAL SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |

_____

### JOINT STATUS REPORT REGARDING CASE DEADLINES

Pursuant to the Court's November 16, 2020 Order (ECF No. 49), which directed the parties to jointly submit a proposed order regarding the appropriate deadlines for Phase IB discovery, expert disclosures, and class certification, the parties report that, after meeting and conferring, they have been unable to arrive at a mutually agreeable proposed schedule for these deadlines. The parties' positions are as follows:

**Plaintiff's Position**: The Court's initial Scheduling Order in this case (ECF No. 26) appropriately balances the different inquiries needed to address individual and class liability in the case, by dividing discovery on each of these issues into two, sequential 90-day Phases and providing that each Phase of discovery would begin immediately at the close of the prior Phase. Defendant's demand to set aside the Court's well-considered scheduling plan for this case should be denied.

Although Defendant has not moved for a stay of this case, it nevertheless demands that discovery be suspended indefinitely based on its incorrect assumption that Defendant will prevail on its summary judgment motion. Although Plaintiff does not believe it is appropriate to delve into

the merits of Defendant's arguments in a status report, neither the law nor the contested factual record supports Defendant's position as summarized below. In particular, Defendant's summary mischaracterizes the factual record and improperly minimizes the direct and deliberate role it played in depriving Plaintiff of her funds. This case should not be stayed for a dispositive motion that is likely to fail.

Particularly here, where Defendant's delays in producing relevant documents have extended Phase IA discovery well past its initial deadlines, it is essential that Plaintiff continue to have the ability to move the case forward—indeed, Defendant still has not produced all relevant Phase IA documents despite multiple extensions to the Phase IA discovery deadline. If the Court does not set deadlines for the close of Phase IB discovery now, the resolution of this case could be delayed indefinitely. Moreover, Plaintiff anticipates that she will be able to use the information gained during Phase IA to effectively target and narrow her Phase IB discovery requests, limiting the burden on Defendant.

Plaintiff proposes that, in accordance with the Court's initial scheduling order, Phase IB, expert discovery, and class certification deadlines should be set as follows:

1. Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory on Phase I issues no later than **February 5, 2021**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party for Phase I no later than **February 22, 2021**.
2. Phase I Expert depositions, if any, shall be concluded no later than **March 8, 2021**.
3. Phase I discovery shall be concluded no later than **March 8, 2021**.

4. Motions for Class Certification shall be filed no later than **April 5, 2021**. Any oppositions to such motions shall be filed no later than **April 19, 2021**.

This schedule is consistent with the phasing and timeframes laid out in the Court's initial Scheduling Order (ECF No. 26), with the insertion of a 30-day period between the close of Phase I discovery and class certification briefing to provide time to resolve any discovery disputes.

**Defendant's Position**: As this Court is aware, the parties have diligently been working to complete Phase 1A discovery, which relates only to the discovery of Plaintiff's individual claims. Defendant Maximus Federal Services, Inc. ("Maximus Federal") has already produced over four thousand pages (4,000) of documents and emails, and party depositions have been completed.[1] In short, the parties have engaged in an extensive amount of discovery and hope to complete Phase 1A within the next week.

Thereafter, Maximus Federal will be prepared to quickly file its motion for summary judgment seeking the dismissal of Plaintiff's Complaint in its entirety. Maximus Federal believes there are a number of dispositive issues that will ultimately lead to the dismissal of Plaintiff's claims. For example, Plaintiff's claims are based on an allegation that Maximus Federal's actions led the United States Department of Treasury to improperly withhold her 2018 tax refund in the amount of $79.00. However, discovery has revealed that prior to this Action ever being filed, this $79.00 refund, which undergirds her alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), was returned to her as part of another class action filed against the Department of

---

[1] The Plaintiff has left open the deposition of Maximus Federal's corporate representative on a few outstanding questions/topics and the parties are working to finalize their remaining requests for documents and information.

Education in the United States District Court of California, Northern District. Thus, Plaintiff does not and cannot show she maintains the requisite injury-in-fact under Article III of the United States Constitution to continue with this Action.[2] Discovery has also shown that Plaintiff's tax refund was withheld by the United States Department of Treasury due to an approximate two week delay in applying an electronic tag on Plaintiff's student loan account in the Federal Student Aid's Debt Management and Collection System, which Maximus Federal was contracted to maintain and operate. Maximus will show that this two week delay in applying an electronic tag cannot serve as the basis for any violation of the FDCPA. It will further show that this fact, and others, put Maximus Federal squarely within the "bona fide error" exception of the FDCPA and also establish its immunity as a government contractor. Maximus Federal does not wish to litigate these issues here, but only identify a few of the potential arguments that it believes will be dispositive of Plaintiff's claims. If successful on any one of these potentially dispositive arguments, this entire Action will be dismissed without the need for any further proceedings or discovery.

Maximus believes its dispositive motion can be fully briefed within the next sixty (60) days. Given the discovery already conducted to date, it would be a waste of this Court and the party's resources to engage in expensive expert and class-wide discovery, which may ultimately be mooted by Maximus Federal's forthcoming dispositive motion. It is important to note that thousands of pages in paper and electronic discovery were needed to complete the discovery on Plaintiff's individual claims, and these costs would be exponentially increased when expanded to putative class-wide and expert discovery. In addition, Plaintiff's proposal that class and expert discovery be completed by March 8, 2021 is simply not realistic. Given that discovery on just

---

[2] *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 284 (3d Cir. 2018); *see also Reilly v. Ceridian Corp.,* 664 F.3d 38, 42 (3d Cir. 2011).

Plaintiff's individual claims has taken significantly longer than four (4) months, it is impossible to conceive how the putative class-wide and expert discovery could be completed in this time.

In light of the foregoing, Maximus Federal respectfully requests that Phase 1B, and any additional discovery beyond what is necessary to complete Phase 1A, be stayed until Maximus Federal's forthcoming dispositive motion is decided. Courts have routinely granted stay requests such as the one sought by Maximus Federal.[3] They have recognized the inefficiencies of proceeding with expensive class-wide, and in this case expert, discovery where a defendant's potentially dispositive motion would resolve an action in its entirety. The same is true here and the rational of these cases is only further highlighted by the ongoing COVID-19 pandemic. As this Court has undoubtedly seen, discovery has become significantly more burdensome and costly by the ongoing COVID-19 pandemic, especially where parties, such as Maximus Federal, have transitioned to a nearly fully virtual operation. Based on the foregoing, Maximus Federal believes that any delays associated with briefing and determining Maximus Federal's dispositive motion will be far outweighed by the potentially hundreds of thousands of dollars in potentially needless discovery costs that could be avoided.

---

[3] *Blake v. Fin. Mngt. Sys. Inc.*, No. 11-C-612, 2011 WL 4361560, (N.D. Ill. Sept. 19, 2011) (staying class discovery until the Court decided defendant's pending motion for summary judgment because doing so would benefit the efficient and economic management of the purported class action); *see also Doty v. Bayview Fin. L.P.*, No. 08-4090-JEI-KMW, 2009 WL 10690330 (D. N.J. Oct. 7, 2009) (granting a stay of class discovery because "[t]he Court recognize[d] that it would be a substantial hardship and expense if Defendants were to respond to said discovery just to have all or part of the work rendered moot by the grant of their motion, or portions thereof."). *Benson v. Budget Rent A Car Sys. Inc.*, No. 08-cv-4512, 2018 WL 573110 (E.D. Pa. Jan. 25, 2018) (denying plaintiff's motion to lift the discovery stay and permit class discovery because allowing class discovery "at this stage in the litigation would result in a fishing expedition that would create an enormous cost to the defendant").

Date: December 7, 2020  /s/ Cary L. Flitter
Cary L. Flitter
Andrew M. Milz
**FLITTER MILZ, P.C.**
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782 tel.
(610) 667-0552 fax
cflitter@consumerslaw.com
amilz@consumerslaw.com

*Attorneys for Plaintiff*


 /s/ Marisa Rachel De Feo
Marisa Rachel De Feo
Ryan L. DiClemente
**SAUL EWING ARNSTEIN & LEHR LLP**
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(Tel) 215-972-1976
Marisa.DeFeo@saul.com
Ryan.DiClemente@saul.com

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I, Cary L. Flitter, hereby certify that, on December 7, 2020, I caused the foregoing document to be served upon all counsel of record via the Court's Electronic Case Filing system.

s/ *Cary L. Flitter*