IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>individually and on behalf of all<br>others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br><br>    Defendant. | Civil Action No. 5-19-cv-05787-JMG |

## PLAINTIFF'S STATUS REPORT RE:
## MOTION TO COMPEL PRODUCTION AND DISCOVERY DISPUTES

  Pursuant to the Court's November 16, 2020 Order [ECF 49], Plaintiff Jaimaria Bodor (now Goss) provides this report concerning the status of Plaintiff's pending motion to compel [ECF 43]; the parties' discovery disputes raised in a joint letter [ECF 47]; and remaining discovery issues. Unfortunately, despite Plaintiff's diligent efforts in the face of months of delay, Defendant Maximus Federal Services, Inc. still has not produced key documents and witnesses in this case and has unilaterally redacted as wholly "irrelevant" the content of meeting minutes where the central events of this litigation were discussed. In addition, Maximus's 30(b)(6) witness was wholly unprepared on key topics, forcing Plaintiff to notice another deposition for the witness who should have been designated.

  Accordingly, Plaintiff asks the Court to compel Maximus to produce all outstanding documents and remove improper redactions by December 23, 2020 so that Plaintiff has time to review the documents in advance of a deposition currently noticed for January 5, 2021.

**I.     Background**

Plaintiff alleges, on behalf of herself and other similarly situated borrowers, that Defendant Maximus, which manages defaulted student loans for the U.S. Department of Education ("ED"), violated the Fair Debt Collection Practices Act ("FDCPA") when it failed to cease involuntary collection activity upon receiving Plaintiff's Borrower Defense Discharge ("BDD") application, causing Plaintiff's tax refund to be wrongfully withheld in payment of those loans via the operation of the Treasury Offset Program ("TOP").

Throughout this litigation, Plaintiff sought to work diligently and collaboratively with defense counsel to obtain the necessary discovery in this case; however, on September 21, 2020, after months of delays, Plaintiff moved the Court to compel Maximus to produce key outstanding documents, including documents pertaining to how Maximus handled BDD applications and avoided errors when processing borrower accounts, as well as screenshots depicting Plaintiff's own account in Maximus's system. In addition, at that time, months into discovery and long after the parties had agreed on a search term protocol, Maximus still had not produced a single email. During a September 23, 2020 status conference, Maximus informed Plaintiff and the Court that it would be able to complete production of the outstanding documents by October 14, 2020.

Maximus's production was not completed by October 14. On October 26, 2020, the parties submitted a joint letter regarding additional discovery disputes, including that Maximus insisted on redacting portions of documents it unilaterally deemed "irrelevant" and refused to permit questioning on its FDCPA policies as a topic in an upcoming Rule 30(b)(6) deposition.[1] During an October 28, 2020 status conference, the Court permitted Maximus to make relevance redactions

---

[1] Maximus also requested that Plaintiff cooperate in its efforts to obtain additional documentation from the Department of Treasury, which Plaintiff agreed to do. Plaintiff has now completed those efforts.

2

and permitted Plaintiff to question Maximus's designee about its FDCPA policies.

## II. Outstanding Documents and Testimony

To date, Maximus's production remains deficient. Since the Court's October 28, 2020 status conference, Maximus has continued to withhold key relevant documents, including portions of Plaintiff's own file. Just as Plaintiff feared, Maximus unilaterally redacted relevant information that is central to Plaintiff's claims, including nearly the entirety of key meeting minutes in which Maximus discussed how to handle a large backlog of BDD applications—which included Plaintiff's own application—with ED. And it failed to provide an adequately prepared Rule 30(b)(6) witness, forcing Plaintiff to seek an additional Rule 30(b)(1) deposition of the Maximus employee who should have been named as the corporate designee.

The 30(b)(6) deposition of Maximus's corporate designee, Niev Lindbloom, took place on November 24, 2020. In the course of preparing for the deposition, it became clear to Plaintiff that Maximus's production remained deficient, not least because Maximus selectively withheld attachments to several emails. During the deposition, Ms. Lindbloom's testimony confirmed that Maximus had not produced easily accessible documents, including correspondence from a top ED official concerning Maximus's mishandling of a large volume of BDD applications during the relevant period, a Corrective Action Plan concerning errors in Maximus's implementation of the TOP, and status report Powerpoint presentations Maximus made to ED on a monthly basis.[2] In one

---

[2] These documents fell squarely within Plaintiff's April 20, 2020 Requests for Production. For instance, RFP No. 1 requests: "All documents concerning your policies, practices and procedures for processing or handling Borrower Defense Applications, including but not limited to any manuals, reference guides, guidance, directions or other instructions." RFP No. 3. requests: "All documents concerning your policies, practices and procedures concerning the Treasury Offset Program, including but not limited to any practices, policies, procedures, responsibilities and instructions you have or follow concerning a student loan borrower who is subject to tax offset or is entitled to a refund of tax offset." RFP No. 11 requests: "All documents concerning Plaintiff,

instance, Ms. Lindbloom revealed that a document discussing errors in Maximus's handling of a large batch of BDD applications was, in fact, only an excerpt of a larger presentation that had not been produced. Ms. Lindbloom testified that Maximus discussed problems with its ability to timely handle a large influx of BDD applications (including Plaintiff's application) at meetings with ED in February, March, April, and May—but Maximus has not produced a comprehensive set of agendas or minutes for those meetings, and what Maximus chose to produce thus far is almost entirely redacted, yet marked "Confidential." Ms. Lindbloom also revealed that additional, unproduced portions of Plaintiff's file contained relevant information.[3]

Perhaps most concerningly, Ms. Lindbloom was not prepared to testify on many of the noticed topics for the deposition, including: the operation of the primary systems that Maximus uses to manage BDD applications; Maximus's use of quality checks to avoid errors in handling borrower accounts; and how Maximus handles refunds when an error is discovered. Ms. Lindbloom was also unable to answer basic questions about the screenshots Maximus produced of Ms. Bodor's account.

But one person at Maximus could have answered nearly all of these questions: Karen Smith, Maximus's head of operations. On *twenty-two* occasions, Ms. Lindbloom indicated that the proper person to question would have been Karen Smith or a member of Ms. Smith's team. Ms. Smith was credited with superior knowledge on issues of central importance to this litigation,

---

regardless of date, including any documents concerning her Borrower Defense Application or the offset of her 2018 tax refund." RFP No. 14 requests: "All documents concerning your practices, policies and procedures to avoid errors in your handling of student loan accounts, including, but not limited, to Borrower Defense Applications, the Debt Management and Collections System, and the Treasury Offset Program."

[3]   Plaintiff would be happy to provide copies of the relevant exhibits and testimony at the Court's request.

including Maximus's employee training, FDCPA policies, refund policies, policies concerning the TOP, and the operation of the core systems Maximus uses to manage borrower accounts.

Following the deposition, Plaintiff promptly requested that Maximus produce the outstanding documents identified during the deposition and in the production. On a December 4, 2020 call, defense counsel agreed to produce several of the documents discussed during the deposition and represented that they could be produced shortly. In a December 10, 2020 email, defense counsel admitted that Maximus had not produced several attachments Plaintiff identified.

In addition, on the December 4, 2020 call, defense counsel agreed to provide a written response to several questions Ms. Lindbloom was unable to answer. Although Plaintiff initially hoped a written process would enable the parties to efficiently complete Phase IA discovery, these responses, provided in a December 10, 2020 email, were incomplete and underscored the need to pursue the deposition of Ms. Smith, which has been noticed for January 5, 2021.

On December 16, 2020, shortly before this report was filed, Maximus produced twelve additional documents. Plaintiff has not been able to complete her review of this late production, but it is already clear that it only serves to underscore the deficiencies in Maximus's production. For instance, the production included fifteen pages of *new* screenshots from Ms. Bodor's borrower account, which Plaintiff has never seen before, as well as a clearly relevant spreadsheet laying out a timeline of the events that caused Maximus to create a backlog of BDD applications right around the time Ms. Bodor submitted her application, which Plaintiff was not even aware existed. Several documents Plaintiff requested were not included, although defense counsel confirmed that Maximus will be making additional productions next week.

In light of these omissions and delays, Plaintiff respectfully asks the Court to compel Maximus to produce all responsive documents and remove its improper redactions as soon as

possible, and in any event, to complete its production no later than December 23, 2020, so that Plaintiff has time to review the documents in advance of a deposition currently noticed for January 5, 2021. Maximus's delayed and deficient production has already prejudiced Plaintiff's ability to prosecute her case; however, Plaintiff remains hopeful that, with the Court's direction, these issues can be resolved before summary judgment briefing begins in January.

Respectfully submitted,

*/s/ Alice Buttrick*
Alice Buttrick
Benjamin Elga
Brian Shearer
Craig L. Briskin
Justice Catalyst Law, Inc.
81 Prospect Street
Brooklyn, NY 11201
(518) 732-6703 tel.
abuttrick@justicecatalyst.org
belga@justicecatalyst.org
brianshearer@justicecatalyst.org
cbriskin@justicecatalyst.org

Stuart T. Rossman
Persis Yu
National Consumer Law Center
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010 tel.
(617) 542-8028 fax
srossman@nclc.org
pyu@nclc.org

Joanna K. Darcus
National Consumer Law Center
1001 Connecticut Avenue NW, Suite 510
Washington, DC 20036
 (202) 452-6252 tel.
 (202) 296-4062 fax
jdarcus@nclc.org

Cary L. Flitter
Andrew M. Milz
Jody T. Lopez-Jacobs
Flitter Milz, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0782 tel
(610) 667-0552 fax
cflitter@consumerslaw.com
amilz@consumerslaw.com
jlopez-jacobs@consumerslaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on the date set forth below, the document has been filed electronically and is available for viewing and downloading by all counsel of record from the ECF system.

Date: 12/16/2020                                          *s/Jody T. Lopez-Jacobs*
                                                                             JODY T. LOPEZ-JACOBS