IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>Individually and on behalf of all others<br>similarly situated,<br>                Plaintiff,<br><br>           v.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br>                Defendant. | Civil No. 5:19-cv-05787-JMG |

**ORDER**

**AND NOW**, this 19th day of February, 2021, upon consideration of Defendant Maximus Federal Services, Inc.'s request to stay this case until a decision on its summary judgment motion is issued (ECF No. 57), and Plaintiff Jaimaria Bodor's response in opposition (ECF No. 59), and good cause appearing, it is hereby **ORDERED** that Defendant's request to stay is **GRANTED in part.**[1] Discovery in this case is **STAYED** until May 20, 2021.

---

[1] Plaintiff Jaimaria Bodor initiated this action, individually and on behalf of all others similarly situated, alleging that Defendant Maximus Federal Services, Inc., improperly withheld federal payments and wages in violation of the Federal Debt Collection Practices Act. ECF No. 29 (Amended Class Action Complaint). The parties diligently worked on completing discovery relating to the plaintiff's individual claim, and the defendant subsequently moved for summary judgment. ECF No. 64. Rather than proceed with class-related discovery, the defendant seeks a stay of this action until a decision is reached on its motion for summary judgment. ECF No. 57.

    The power to stay an action is "incidental to the power inherent in every court to dispose of cases so as to promote fair and efficient adjudication." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). But a stay is an "extraordinary measure" demanding "compelling reasons for its issuance." *United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). Therefore, courts must weigh the "competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. In conducting this analysis, courts often consider the following factors: "(1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the requested stay." *Smithkline Beecham Corp. v. Apotex Corp.*, No. 03-cv-03365, 2004 WL 1615307, at *7 (E.D. Pa. July 16, 2004) (citing to *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983)); *cf. Barbieri v. Wells Fargo & Co.*, No. 09-3196, 2012 WL 3089373, at *5 (finding that a stay of discovery is proper in cases where "the likelihood that a [dispositive] motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay" (quoting *Weisman v. Mediq, Inc.*, No.95-1831, 1995 WL 273678 (E.D. Pa. May 3, 1995))). After careful review, the Court concludes that the interests here weigh in favor staying this case for a period of ninety days.

It is **FURTHER ORDERED** that a status conference with counsel is scheduled for **May 20, 2021**, at 10:00 a.m. Plaintiff's counsel shall provide the Court and opposing counsel with conference bridge details (such as a telephone number and access code) no later than May 13, 2021.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

First, judicial economy will be promoted by a stay. Defendant's motion for summary judgment challenges plaintiff's Article III standing to bring this suit. *See* ECF No. 57, at 3. Without taking a position on the merits of defendant's argument, a determination on this issue could resolve the entire case, including eliminating the need for class-related discovery. As such, this factor weighs in favor of a stay.

Second, the balance of harm to the parties supports staying this action. Defendant argues that continuing with class discovery will be expensive, and that cost may be proven to be completely unnecessary in the event its motion is granted. *See id.* at 5. At the same time, the Court recognizes the plaintiff's concern that a stay will interfere with her ability "to expeditiously pursue her claims." ECF No. 59, at 2. Considering the plaintiff has already been able to conduct a significant amount of discovery and the stay will be limited to a ninety-day period, the Court finds that the balance of harms weighs in favor of a stay.

Third, the length of the stay is not indefinite. Although the defendant requests that the stay last until the motion for summary judgment is decided, the Court will limit the length of the stay to a definite period of time, namely ninety days. Such a limited scope in the delay of this litigation weighs in favor of a stay.

Accordingly, the Court finds that a short stay is prudent in this matter.