**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAIMARIA BODOR,<br>individually and on behalf of all others<br>similarly situated,<br><div align="center">Plaintiff,</div><br><div align="center">vs.</div><br><br>MAXIMUS FEDERAL SERVICES, INC.,<br><div align="center">Defendant.</div> | CIVIL ACTION<br><br>NO. 5:19-cv-05787 (JMG) |

**PLAINTIFF'S MOTION TO UNSEAL SUMMARY JUDGMENT RECORD**

### I.    INTRODUCTION

This class action concerns a debt collector who voluntarily undertook to collect debts allegedly owed the U.S. government, but who failed to live up to that responsibility, ultimately depriving hundreds of consumer debtors their tax refunds for several months. Plaintiff Jaimaria Bodor, on behalf of herself and a class of consumer borrowers whose tax refunds were also withheld, filed suit against Defendant Maximus Federal Services, Inc. ("Maximus") seeking damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

Maximus has moved for summary judgment. Before doing so, Maximus sought to seal the entirety of the summary judgment briefing and evidence through a so-called "Consent Motion for Leave to File Documents Under Seal," (ECF 61) which this Court granted (ECF 63). Plaintiff did not, and does not, consent to that motion, because it needlessly conceals information from the proposed class and the public. Indeed, Maximus did not share a copy of this motion with Plaintiff before filing it.

With the exception of Plaintiff's tax return, there is no basis to seal the summary judgment briefing and records filed by Maximus. Plaintiff accordingly moves to unseal Defendant's Motion for Summary Judgment, Brief in Support, Statement of Facts, and Joint Appendix.

II.     **BACKGROUND**

On August 18, 2020, this Court entered a Protective Order governing the designation and filing of confidential materials. (ECF 39.) The Order directs the Parties to use "restraint" when designating documents as confidential, and further states that "[m]ass, indiscriminate, or routinized designations are strictly prohibited." (*Id.* at pp. 4-5.) Consistent with Third Circuit precedent, the Court's Order specified that "[n]either this Order, nor any confidentiality designation under it, is a sufficient basis for sealing court records." (ECF 39 at p. 13.)

Maximus has moved for summary judgment, and in connection with that motion it moved to seal its Motion for Summary Judgment, Brief in Support, Statement of Facts, and the Joint Appendix in its entirety. (ECF 61.) Pursuant to the Protective Order, Maximus was required to "file a motion to seal, demonstrating with particularity that each document or portion thereof that the party seeks to seal meets the legal standard for sealing." (ECF 39 at p. 13-14.) The Protective Order also required Maximus to accompany its motion to seal with a "declaration that specifically identifies each document or portion thereof the party seeks to seal and provides a factual basis for the party's claim that sealing is warranted." (*Id.* at p. 14.)

In Maximus's motion to seal the record, which consists of no more than two pages and six paragraphs, Maximus avers that sealing is appropriate because "good cause exists," claiming without any supporting evidence that the summary judgment record "contain[s] sensitive, non-public and proprietary business and financial information[.]" (*Id.*) No declaration accompanied the motion. Maximus also represented to the Court that "the Parties have labeled the documents contained in the Joint Appendix as 'Confidential,'" when in fact Plaintiff has not designated a single document as confidential pursuant to the Protective Order.  All such designations have been

made by Maximus, and thirty-three exhibits included in the Joint Appendix—nearly half of the total number—were never designated confidential.

In any event, the Court granted Defendant's motion without Plaintiff having an opportunity to object. Maximus subsequently filed the entirety of its Motion for Summary Judgment, Brief in Support, Statement of Facts, and Joint Appendix (consisting of over a thousand pages) under seal.

### III.   ARGUMENT

#### A.  Standard on Sealing Summary Judgment Records

Our Court of Appeals has made clear that under the common law, "[t]here is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). This right of public access attaches to all judicial records, which includes summary judgment motions and documents filed in connection with such motions. *Id.*

There is a "strong presumption" of access, which means that "[t]he scale is tipped at the outset in favor of access." *Id.* at 677. This is because public access serves important public policies: it "promotes public confidence in the judicial system"; "diminishes possibilities for injustice, incompetence, perjury, and fraud"; and "provide[s] the public with a more complete understanding of the judicial system and a better perception of its fairness." *Id.*

To overcome the presumption of access, the party desiring a seal must prove that the challenged document contains "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 672. This necessarily requires a "'document-by-document review' of the contents of the challenged documents." *Id.* at 673.

"In delineating the injury to be prevented, specificity is essential." *Id.* "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* A party's "vague assertions" that a document contains "secretive business information, and that disclosure would render [it] at a tactical disadvantage," is insufficient to overcome the strong presumption of access. *Id.* at 676. Similarly, speculative assertions of *potential* harm do not suffice. *Id.* at 678–79.

The existence of a confidentiality agreement between the parties does nothing to impact the onerous common law standard for sealing judicial records. As courts in our Circuit have "made clear, 'just because a document is marked confidential and subject to a protective order, does not automatically mean a document can be sealed.'" *Reilly v. Solar*, No. 1:16-CV-09446, 2021 WL 248872, at *5 (D.N.J. Jan. 26, 2021). The Protective Order so specified. (ECF 39 at p. 13.)

### B. Maximus Has Not Demonstrated Compelling Reasons for Sealing the Entirety of its Motion for Summary Judgment, Brief in Support, Statement of Facts, and the Joint Appendix

Under the applicable standards for sealing judicial records, there was no proper basis to seal the entirety of Defendant's Motion for Summary Judgment, Brief in Support, Statement of Facts, and the thousand-plus pages of evidence attendant to that motion in the Joint Appendix (including pages that Maximus did not designate as confidential). In cases such as this—involving contracts with the government or its vendors—the public interest in disclosure is palpable. *See Warren Hill, LLC v. SFR Equities, LLC*, No. 18-1228, 2020 WL 5017642 (E.D. Pa. Aug. 25, 2020).

In *Warren Hill*, a non-profit media company moved to unseal judicial records that would disclose detailed information about private government contractors who contracted with vendors of the State of Illinois. *Id.* at *3. The information sought would reveal extensive details about the private contractors' "governance, structure, contractual arrangements, finances, and dealings with clients, lenders, and banks[.]" *Id.* at *4. The Court there unsealed the records, explaining that "this

case is imbued with public interest," as these companies entered into contracts with Illinois vendors "under a statutory scheme for the payment of the state's debts and under the watchful eye of the state and its residents as a result of the various public filing requirements." *Id.* at \*3.

The instant case is equally imbued with the public interest, if not more, as it involves a government contractor charged with the weighty responsibility of collecting government debts from student loan borrowers. The withholding of tax refunds by the federal government is a matter of high public interest that is frequently reported by news media companies.[1]

Moreover, our Court of Appeals has explained that the right of public access is "particularly compelling" in class actions such as this. *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001). Sealing the entire record and briefing improperly deprives the putative class members from access to proceedings that affect their own interest. *Id.* ("openness of class actions provides class members with 'a more complete understanding of the [class action process] and a better perception of its fairness.'" (brackets in original)).

Further, Plaintiff has already redacted all private information from the Joint Appendix required to be redacted under Federal Rule of Civil Procedure 5.2, such social security numbers, dates of birth, and financial account numbers.[2] The filing of a redacted Joint Appendix properly balances privacy considerations with the public right of access.

The only document in the Joint Appendix that warrants continued sealing is Plaintiff's tax return. Courts regularly seal tax returns in recognition of the private financial information

---

[1]    *See, e.g.*, Danielle Douglas-Gabriel, *Education Department to halt collection of defaulted student loans, refund $1.8 billion*, WASHINGTON POST, https://www.washingtonpost.com/education/2020/03/24/student-loans-collection-coronavirus/ (last accessed Feb. 19, 2021).

[2]    Only seven exhibits require redaction under Rule 5.2. Pursuant to the Protective Order, Plaintiff is filing these exhibits provisionally under seal as Exhibit D to her Declaration.

contained therein. *See, e.g.¸ Zurich Am. Ins. Co. v. Rite Aid Corp.*, 345 F. Supp. 2d 497, 507 (E.D. Pa. 2004) (unsealing records except for tax returns). "Indeed, public disclosure [of tax returns] could result in a host of clearly defined harms such as identify theft and access to defendants' financial stability." *Kare Distribution, Inc. v. Jam Labels & Cards LLC*, No. 09-969, 2011 WL 13238500, at *2 (D.N.J. Dec. 19, 2011). Plaintiff's tax returns should remain sealed.

Maximus's conclusory motion attaches no evidence, no declaration, and cites no case law. The motion contained only bald assertions that the materials sought to be sealed were proprietary and confidential—despite the fact that many of the materials at issue had not even been designated confidential by either party. Maximus represented to the Court that all that is need for sealing is "good cause," but it chose not to cite a single case for that proposition. Maximus also chose not to inform the Court that sealing the judicial records at issue here requires consideration of the common law right of access.

Maximus had ample opportunity to support its conclusory motion with evidence, but it chose not to. This strategic decision to do so was improper and unacceptable. At the very least, Maximus's chosen tact—which violates the plain requirements of the Court's Protective Order— should give the Court pause when assessing Maximus's future characterizations of "serious injury." The common law right of access is a right afforded to the public, which cannot be ignored. *See Reilly*, 2021 WL 248872, at *5 ("This Court is funded by the public and does not sit, in general, to resolve private disputes in secret.").

## IV.   **CONCLUSION**

Maximus has failed to demonstrate how nearly all of the materials it seeks to seal can justifiably be sealed notwithstanding the common law right of access. Nonetheless, Plaintiff's strong privacy interests in her tax returns are sufficient to rebut the presumption of public access,

so those documents must remain sealed. Accordingly, with the exception noted above, this Court should grant Plaintiff's Motion to Unseal.

Date: 2/19/2021

/s/ Jody T. López-Jacobs
JODY T. LÓPEZ-JACOBS
**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(P) (610) 668-0011
(F) (610) 667-0552
Email: jlopez-jacobs@consumerslaw.com
**Attorney for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>individually and on behalf of all others<br>similarly situated,<br>                              Plaintiff,<br>         vs.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br>                              Defendant. | CIVIL ACTION<br><br>NO. 5:19-cv-05787 (JMG) |

I, Jody T. Lopez-Jacobs, do hereby certify that a copy of the foregoing was served upon all counsel of record by CM/ECF electronic filing.

Date: 2/19/2021                                      */s/ Jody T. López-Jacobs*
                                                     JODY T. LÓPEZ-JACOBS
                                                     **FLITTER MILZ, P.C.**
                                                     450 N. Narberth Avenue, Suite 101
                                                     Narberth, PA 19072
                                                     (P) (610) 668-0011
                                                     (F) (610) 667-0552
                                                     Email: jlopez-jacobs@consumerslaw.com
                                                     **Attorney for Plaintiff**