IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAIMARIA BODOR, Individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : : | NO. 19-cv-5787(JMG) |
| MAXIMUS FEDERAL SERVICES, INC., | : : | |
| Defendant. | : | |

**DEFENDANT MAXIMUS FEDERAL SERVICE'S
SUR-REPLY BRIEF IN FURTHER SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S
<u>MOTION TO UNSEAL THE SUMMARY JUDGMENT RECORD</u>**

**I.      INTRODUCTION**

Maximus Federal Services, Inc. ("Maximus Federal") submits this sur-reply brief in further support of its opposition to Plaintiff's motion to unseal the summary judgment record. Most critically, Plaintiff's opposition ignores the real and significant harm to Maximus Federal if the requested relief is not granted. Specifically, the Joint Appendix at issue includes: (1) the DMCS System's policies and procedures, which belong to a third-party, FSA; (2) Maximus Federal's internal policies and procedures; (3) documents or communications relating to FSA's assessment of Maximus Federal's contractual performance; and (4) information relating to Maximus Federal's pricing of services under the terms of the Contract. The Declaration of Niev Lindbloom confirms the real and significant risk the public disclosure of these documents will have on Maximus Federal's competitive standing in the marketplace. Courts have consistently held that this type of information implicates a company's confidential and protected interests and these interests outweigh the need for public access to these materials. For these reasons, Plaintiff's motion to unseal the record should be denied.

**II.     ARGUMENT**

> **A.     Plaintiff's Opposition completely ignores Maximus Federal's proprietary and confidential interests at issue and the clearly defined risk of injury.**

Plaintiff's reply wholly ignores the proprietary and confidential nature of the documents and information which are the subject of Maximus Federal's opposition to Plaintiff's motion to unseal, as well as the clearly defined injuries which could result if the motion to unseal is granted. Specifically, the Joint Appendix at issue seeks to disclose the (1) the DMCS System's policies and procedures, which belong to a third-party, FSA; (2) Maximus Federal's internal policies and procedures; (3) documents or communications relating to FSA's assessment of Maximus Federal's contractual performance; and (4) information relating to Maximus Federal's pricing of services under the terms of the Contract. In addition, while Plaintiff devotes much of their briefing to the purported interests of the to-be determined class members, Plaintiff fails to acknowledge or consent to the redaction of

those to-be determined members' personal identifying information contained in parts of the Joint Appendix.

Courts have continually recognized the confidential and protected interests which are inherent in these types of documents and information and have consistently held that these interests outweigh the need for public access to these materials.[1] In fact, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Bracco Diagnostics, Inc. v. Amersham Health Inc., 2007 WL 2085350 (D.N.J. Jul. 18, 2007) (citing In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citations omitted). In furtherance of this inherent power, Courts have held that "[m]aintaining competitiveness is a legitimate private interest which warrants sealing." Id., *5. In Goldenberg, the District Court prevented the disclosure of financial calculations and payments made between a party and other ***non-party*** corporations on the basis that a "clear and serious injury" would result if the party's competitors were permitted access to this information. Goldenberg, 2012 WL 15909, *4. The same rationale should be applied to redact and bar the public disclosure of the policies and procedures of third-party, FSA (a critical fact that Plaintiff fails to address completely), Maximus Federal's internal policies and procedures, assessments of Maximus Federal's performance, and pricing information. The evidence demonstrates that this information is not publicly disclosed to Maximus Federal's competitors, and would place Maximus Federal at a competitive disadvantage if made available to

---

[1] See Goldenberg v. Indel, 2012 WL 15909 (D.N.J. Jan. 3. 2012) (granting a party's motion to seal materials in order to protect a party from disclosure of third-party agreements and certain financial calculations and payments made by the party); Mars, Inc. v. JCM American Corp., et al., 2007 WL 496816 (D.N.J. Feb. 13, 2007) (recognizing a legitimate private interest in keeping confidential terms of a confidential business agreement not otherwise available to the public); Osteotech, Inc. v. Regeneration Technologies, Inc., 2009 WL 971404 (D.N.J. Apr. 9, 2009) (protecting sensitive corporate and business information which would be unfairly used by the party's competitors to gain a competitive advantage in the marketplace).

the public.  Lindbloom Dec.

Plaintiff's reply likewise ignores the Ponsy factors[2] used in this Circuit to determine if good cause exists to seal a document.  Nor does Plaintiff address the long line of cases recognizing "that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest and the disclosure of this information can be used ***for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.***"  Goldenberg v. Indel Inc., 2012 WL 15909, *3 (D.N.J. Jan. 3, 2012), citing Publicker Industries, Inc. v. Cohen, 733 F.2d 1059, 1074 (3d Cir. 1984) (emphasis added).  Instead, Plaintiff focuses solely on an alleged lack of reputational injury to Maximus Federal.  However, if the documents are unsealed, it will not simply result in "reputational injury."  As set forth in the Declaration of Niev Lindbloom, Maximus Federal regularly submits bids and proposals for federal, state, and local government contracts and subcontracts that are subject to competitive evaluation, selection, and award.  The disclosure of such information could result in significant injury to Maximus Federal should its competitor obtain the documents in the Joint Appendix.

Finally, Plaintiff attempts to unseal the record by arguing that the DOE has already "publicly disclosed no less than 248 files detailing its policies and procedures as it relates to DMCS."  Reply at 7.  Aside from this general contention, Plaintiffs fail to identify a single "public" document that Maximus Federal seeks to keep sealed as part of its Opposition.  Instead, Plaintiff points to portions of the public bidding process that apparently include *general* contractual requirements, not the inner

---

[2] The factors are: (1) whether disclosure will violate any privacy interests; (2) whether the information is sought for a legitimate purpose or an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.  See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787–91 (3d Cir. 1994).

workings of the DMCS system as Plaintiff suggests. Reply at 7-8. As set forth in its Opposition, Maximus Federal *is not* seeking to seal the Contract, or the relevant portions of the 3,000 requirements. In contrast, Maximus Federal is seeking to keep sealed the portions of the record which identify and discuss the inner workings of the DOE's proprietary DMCS system, including the process by which electronic codes are applied to borrower's account. Thus, the "publicly available" documents relied upon by Plaintiff does not undermine the basis for Maximus Federal's Opposition and does not bear any relevance to Plaintiff's motion to unseal.

    **B. Maximus Federal properly proposed categories of documents to keep under seal.**

Despite Plaintiff's contention that "the Court is required to conduct a document-by-document review to determine the proprietary of sealing," no such requirement exists. See VLSI Technology, LLC v. Intel Corporation, 2019 WL 8107916, *1 (N.D. Cal. 2019) (granting motion to seal documents disclosing "terms and conditions of license agreements; data for unit sales of products; geographic locations of design and manufacture of products; sales and pricing information; design and manufacturing process details; source code; and damages calculations"— finding that "[e]ach of these represent *categories* of information which could harm the parties if disclosed to competitors or the public. The Court FINDS that the parties have established good cause why each of these categories of information should be kept confidential by filing under seal and that doing so is in accordance with the protective order that has been issued in this case."); see also Onex Credit Partners, LLC v. Atrium 5 Ltd., 2017 WL 4284490 (D. N.J. Sept. 27, 2017) (granting motion to seal after counsel identified four categories of documents). Courts allow for and encourage efficiency – and the process outlined in Maximus Federal's Opposition does just that. As this Court is aware, but Plaintiff seems to gloss over the fact that *all of the documents are currently sealed.* Thus, *Plaintiff* is the moving party, and would bear the burden of analyzing and identifying the specific document(s) that should be *unsealed*. Yet, she fails to do so and instead, suggests the entire record should be unsealed. Putting this issue

aside, Courts have routinely sealed categories of documents where, as here, they are easily identifiable. As Maximus Federal stated in its Opposition brief, if the Court grants, in whole or in part, Plaintiff's motion to unseal, Maximus Federal will redact the necessary documents in accordance with this Court's order and subsequently meet and confer with Plaintiff's counsel on such redactions. This measured approach saves the Court, and the parties, from the burden of undertaking an individual analysis of the more than 1,000 pages of the joint appendix at the outset.

## III.  CONCLUSION

For these reasons, and those set forth in its Opposition, Plaintiff's motion to unseal the entire summary judgment record should be denied.

Respectfully submitted,

**SAUL EWING ARNSTEIN & LEHR LLP**

s/ *Marisa Rachel De Feo*
Ryan DiClemente
Marisa Rachel De Feo
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
Telephone: (215) 972-1976

Dated:  March 26, 2021