IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR, individually and on behalf of all others similarly situated,<br>　　　　　　　　　　　　　Plaintiff,<br>　　vs.<br>MAXIMUS FEDERAL SERVICES, INC.,<br>　　　　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>NO. 5:19-cv-05787 (JMG) |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

　　This case concerns a debt collector that deprived hundreds of consumer debtors their tax refunds for several months, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  The debt collector, Defendant Maximus Federal Services, Inc. ("Maximus") has moved for summary judgment, arguing *inter alia* that Maximus did not injure Plaintiff Jaimaria Bodor under Article III of the U.S. Constitution, and even if it did, Maximus's violation of the FDCPA was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

　　On August 16, 2021, Maximus filed a Notice of Supplemental Authority in support of its pending Motion for Summary Judgment.  However, the cases referenced only further demonstrate the impropriety of summary judgment in this matter.

**Article III Standing**

　　Maximus cites several cases, including *Trans Union LLC v. Ramirez*, 141 S. Ct. 2190 (2021), that purportedly support the proposition that Plaintiff Jaimaria Bodor "has failed to allege any concrete injury other than the alleged FDCPA violations." (ECF 91 at p. 2.)  But this argument ignores that Maximus's conduct caused Ms. Bodor to suffer an out-of-pocket loss—her tax refund—for six months.  The Court in *Ramirez* explained that such monetary harms "readily qualify as concrete injuries under Article III," stating in unequivocal terms, "If a defendant has

caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III." 141 S. Ct. at 2204.  As such, *Ramirez* supports the notion that Maximus caused Ms. Bodor to suffer a concrete injury.

### **Bona Fide Error**

Maximus also claims that its "bona fide error" defense is supported by *Van Hoven v. Buckles & Buckles*, No. 1:14-60, 2021 WL 2947593 (Mich. W.D., July 1, 2021), where debt collectors failed to "back out" failed garnishment costs from a subsequent failed garnishment request.[1]  But the record on bona fide error in *Van Hoven* differs in several material respects. For one, the defendants proffered evidence on the existence of a policy reasonably designed to avoid the error, and this evidence was "unrebutted[.]" *Id.* at *3.  By contrast, Maximus has disclaimed the existence of an FDCPA policy, and the procedures it did employ admittedly had a "blind spot." (JA-00990).  These and other factual disputes preclude the entry of summary judgment on this affirmative defense. *See, e.g.*, *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1277 (11th Cir. 2011) (reversing grant of summary judgment on bona fide error defense, explaining that "the third element of the bona fide error defense is a uniquely fact-bound inquiry"); *Pettitt v. Chiari & Ilecki, LLP*, 419 F. Supp. 3d 627, 637 (W.D.N.Y. 2019) ("questions as to whether a debt collector maintained reasonably adapted procedures are factual questions properly reserved for the jury").

Date: 8/19/2021 /s/ *Jody T. López-Jacobs*
JODY T. LÓPEZ-JACOBS
**FLITTER MILZ, P.C.**
450 N. Narberth Avenue, Suite 101
Narberth, PA 19072
(P) (610) 668-0011

---

[1]  The *Van Hoven* plaintiff suffered no out-of-pocket loss from the failed garnishment request that "accidentally" included a $15 filing fee that should have been backed out. *Van Hoven*, 2021 WL 2947593 at *3-4.

2

(F) (610) 667-0552
jlopez-jacobs@consumerslaw.com

Stuart T. Rossman (pro hac vice)
Persis Yu (pro hac vice)
Alpha Taylor (pro hac vice)
**NATIONAL CONSUMER LAW CENTER**
Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010 tel.
(617) 542-8028 fax
srossman@nclc.org
pyu@nclc.org
ataylor@nclc.org

Alice Buttrick (pro hac vice)
Benjamin Elga (pro hac vice)
**JUSTICE CATALYST LAW, INC.**
81 Prospect Street
Brooklyn, NY 11201
(518) 732-6703 tel.
abuttrick@justicecatalyst.org
belga@justicecatalyst.org

**Attorneys for Plaintiff and the Class**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR, individually and on behalf of all others similarly situated,<br>　　　　　　　　Plaintiff,<br>　　vs.<br>MAXIMUS FEDERAL SERVICES, INC.,<br>　　　　　　　　Defendant. | CIVIL ACTION<br><br>NO. 5:19-cv-05787 (JMG) |

## CERTIFICATE OF SERVICE

I, Jody T. Lopez-Jacobs, do hereby certify that a copy of the foregoing was served upon all counsel of record by CM/ECF electronic filing.

Date: 8/19/2021

　　　　　　　　　　　　　　　　　　*/s/ Jody T. López-Jacobs*
　　　　　　　　　　　　　　　　　　JODY T. LÓPEZ-JACOBS
　　　　　　　　　　　　　　　　　**FLITTER MILZ, P.C.**
　　　　　　　　　　　　　　　　　450 N. Narberth Avenue, Suite 101
　　　　　　　　　　　　　　　　Narberth, PA 19072
　　　　　　　　　　　　　　　　(P) (610) 668-0011
　　　　　　　　　　　　　　　　(F) (610) 667-0552
　　　　　　　　　　　　　　　　Email: jlopez-jacobs@consumerslaw.com

　　　　　　　　　　　　　　　　**Attorney for Plaintiff and the Class**