IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>Individually and on behalf of all others<br>similarly situated,<br>    Plaintiffs,<br><br>    v.<br><br>MAXIMUS FEDERAL SERVICES, INC.<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil No. 5:19-cv-05787-JMG<br>:<br>:<br>:<br>: |

**O R D E R**

**AND NOW**, this 8th day of October, 2021, upon consideration of the Plaintiff's Motion to Unseal the Summary Judgment Record (ECF No. 68), Defendant's Opposition to Plaintiff's Motion to Seal (ECF No. 78), Plaintiff's Reply in Support of Motion to Unseal (ECF No. 81), and Defendant's Sur-Reply in Further Support of its Opposition (ECF No. 84), **IT IS HEREBY ORDERED THAT:** Plaintiff's Motion to Unseal (ECF. No. 68), **IS GRANTED IN PART as follows:**

1. Defendant's filings and attachments shall be unsealed except those that contain trade secrets or other confidential business information.

2. **No later than October 29, 2021,** the parties shall confer and submit a supplemental filing indicating which documents should remain sealed in accordance with the standards discussed in *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.,* 924 F.3d 662 (3d Cir. 2019) [1], and how these sealed documents should be isolated from

---

[1] "[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Goldstein v.*

    the public documents.  The Court shall then issue a subsequent Order as to the specific documents (or portions thereof) that shall remain sealed.

3. **No later than December 3, 2021,** counsel shall file on ECF those portions of the appendix for which the request to seal has been denied.

BY THE COURT

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

*Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192-93 (3d Cir. 2001). "Protecting th[is] access right in class actions promotes class members' confidence in the administration of the case. Additionally, the right of access diminishes the possibility that injustice, incompetence, perjury, or fraud will be perpetrated against those class members who have some stake in the case but are not at the forefront of the litigation. Finally, openness of class actions provides class members with a more complete understanding of the class action process and a better perception of its fairness*.*" *Id*. at 193. *"*The party seeking to overcome the presumption of access bears the burden of showing: (1) the interest in secrecy outweighs the presumption; (2) the material is the kind of information that courts will protect; and (3) disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Documents containing trade secrets or other confidential business information may be protected from disclosure. "We have framed the inquiry as whether the need for secrecy outweighs the presumption of access that normally attaches to such documents." The potential effects of the disclosure of business information that might harm the litigant's competitive standing may in some cases meet the burden of [justifying keeping] the judicial record under seal. *Leucadia, Inc. v. Applied Extrusion Technologies, Inc*., 998 F.2d 157, 166 (3d. Cir. 1993). (quotation marks omitted).