IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>Individually and on behalf of all others<br>similarly situated,<br>    Plaintiff,<br><br>    v.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>: Civil No. 5:19-cv-05787-JMG<br>:<br>:<br>:<br>: |

**ORDER**

**AND NOW**, this 7th day of August, 2023, upon consideration of Plaintiff's Unopposed Motion for Approval of Proposed Class Action Settlement (ECF No. 131) and the Class Action Settlement Agreement and Release (ECF No. 131-2), and following a preliminary approval hearing that was held on August 3, 2023, **IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion (ECF No. 131) is **GRANTED**:

1. Jaimaria Bodor, individually and on behalf of similar situated consumers, alleges that Maximus Federal Services, Inc. ("Maximus") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* by allowing tax refunds to be seized from borrowers with pending borrower defense applications to pay past due student loans. Plaintiff's class action seeks actual and statutory damages for Maximus's alleged violations of the FDCPA. Maximus denies any and all liability for the claims asserted in the Action, along with the factual allegations that serve as the basis for Plaintiff's claims.

2. **Class Findings**: The Court finds, for the purpose of settlement, that the parties satisfy the requirements for a settlement class under Federal Rules of Civil Procedure 23(a) and 23(b):

1

a. The numerosity requirement of Federal Rule of Civil Procedure 23(a)(1) is satisfied because the Class consists of 247 student loan borrowers. Thus, the Class is so numerous that joinder would be impracticable.

b. The commonality requirement of Federal Rule of Civil Procedure 23(a)(2) is satisfied because members of the Class share at least one common factual or legal issue, including: (1) whether Maximus violated the FDCPA by causing Class Members to be subject to involuntary collection; and (2) the amount of statutory damages recoverable under 15 U.S.C. §1692k(a)(2)(B) for Maximus's violation.

c. The typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied because Plaintiff seeks to obtain a determination that Defendant engaged in uniform misconduct against members of the Class and because Plaintiff seeks to obtain a determination that this alleged common practice was unlawful on behalf of all Class Members who were alleged to have been damaged by the practice. All Class Members were student loan borrowers whose tax refunds were seized by the United States Department of Treasury notwithstanding Maximus, as the entity responsible for maintaining and operating the Department of Education's Debt Management and Collection System, being on notice of the Classes pending borrower defense applications.

d. The adequacy requirement of Federal Rule of Civil Procedure 23(a)(4) is satisfied in that (i) the interests of Plaintiff Bodor and the nature of her claims are consistent with those of all members of the Class, (ii) there appear to be no conflicts between or among Plaintiff Bodor and the Class Members, and (iii) Plaintiff and the Class Members are represented by qualified, reputable counsel who are experienced in

prosecuting complex class actions and have been certified as Class Counsel in cases across the country.

e. The Court has also considered the provisions of Federal Rule of Civil Procedure 23(g)(1) and finds that Class Counsel has identified the proper issues, is sufficiently experienced, is knowledgeable about applicable federal law, and has adequate resources to commit to the litigation.

f. The requirement of Federal Rule of Civil Procedure 23(b)(3) that a class action for settlement purposes is superior to other available methods for fairly and efficiently adjudicating the controversy is satisfied.

g. The requirement of Federal Rule of Civil Procedure 23(b)(3) that common issues of law and fact alleged by Plaintiff predominate over any potential individual issues is satisfied because the alleged common issues of whether Maximus violated the FDCPA by causing Class Members to be subject to involuntary collection, and the amount of statutory damages, predominate over any individualized issues.

h. In making these preliminary findings, the Court has also given consideration to, among other factors: (i) the interests of Class Members in individually controlling the prosecution of separate actions for modest sums; (ii) the extent and nature of any litigation concerning these claims already commenced; (iii) the desirability of concentrating the litigation of the claims in this forum; (iv) the impracticability or inefficiency of prosecuting or defending separate actions. Fed. R. Civ. P. 23(b)(3).

i. However, the Court also notes that, because this action is being settled rather than litigated, the Court need not consider manageability issues that might be presented

by the trial of a class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

3. **The Class, Class Representative and Class Counsel**

   a. The Class is identified as:

   All borrowers in the United States who experienced an offset of federal tax refunds through the Treasury Offset Program after Maximus failed to initially tag the borrower's account for stop collections within five business days of Maximus first having notice of their BD application, from December 9, 2018, to April 30, 2023, excluding borrowers whose:

   1. Offset occurred before Maximus received notice (before Start Forbearance Request);
   2. Account was tagged "(BD Received)" within 5 business days of the Start Forbearance Request;
   3. Offset occurred within the 5-business-day period within which Maximus was to tag the account;
   4. Account was tagged later than 5 business days, but Offset occurred after date the tag was applied.

   b. Jaimaria Goss (née Bodor) is appointed and approved as the Class Representative;

   c. Cary L. Flitter, Andrew M. Milz, and Jody T. López-Jacobs along with the firm of Flitter Milz, P.C.; Stuart Rossman and Alpha Taylor along with the National Consumer Law Center; and Benjamin Elga along with Justice Catalyst Law, Inc. are appointed and approved as Class Counsel.

4. **Regarding Proposed Settlement.** The Court finds that: (a) the proposed settlement resulted from several months of arm's-length negotiations, after extensive discovery (including multiple depositions of Maximus representatives, the deposition of Plaintiff Bodor, and exchange of thousands of pages of documents), and after the completion of briefing on Defendant's Motion for Summary Judgment; (b) the proposed settlement of this action involves direct cash payments to Class Members; and (c) the proposed

settlement evidenced by the Settlement Agreement is prima facie fair, reasonable, and adequate to warrant sending notice of this action and the proposed settlement to the Class Members and holding a final hearing on the proposed settlement.

5. **Final Approval Hearing.** A hearing (the "Final Approval Hearing") will be held on **Tuesday, February 6, 2024, at 9:30 a.m. in Courtroom 4B,** United States District Court located at 504 West Hamilton Street, Allentown, Pennsylvania 18101 to determine:

   a. Whether the proposed settlement of this action should be finally approved as fair, reasonable and adequate;

   b. Whether this action should be dismissed with prejudice pursuant to the terms of the settlement;

   c. Whether Class Members should be bound by the release set forth in the proposed settlement; and

   d. Whether Plaintiff's application for an award of attorneys' fees and expenses to Class Counsel, and for an individual service award to Plaintiff Bodor, should be approved.

6. **Settlement Administrator**. The Court has confirmed there are no conflicts with the parties or counsel. Accordingly, the Court approves Phoenix Class Action Administration Solutions ("Settlement Administrator"), located at PO Box 7208, Orange, CA 92863, as Settlement Administrator to administer the Notice Program and Settlement Award distribution process.

7. **Notice by Mail.** The Settlement Administrator shall mail the Class Notice (with proper dates filled in) substantially in the form filed with this Court as Exhibit C to the Settlement Agreement to the last-known address of each potential Class Member as reflected on

Defendant's current and reasonably accessible records, and updated by the Administrator using the Postal Service NCOA database, the Accurint database, or any other equivalent database, as necessary. The Settlement Administrator shall also email the Class Notice (with proper dates filled in) when an email address for the potential Class Member is available. Said email shall include a request that the Class Member update their current mailing address with the Settlement Administrator if necessary. The Class Notice shall be sent by the Settlement Administrator by first-class mail, postage prepaid, and emailed when an email address is available, no later than **October 3, 2023**.

8. Proof of Mailing. Before the Final Approval Hearing, the Settlement Administrator shall submit to Class Counsel an affidavit of mailing of the Class Notice. Class Counsel shall docket the affidavit promptly.

9. Findings Concerning Notice. The Court finds that notice given in the form and manner provided in this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the Class Members (i) of the settlement of this action, (ii) of their right to exclude themselves from the Class and the proposed settlement, (iii) that any judgment, whether favorable or not, will bind all Class Members who do not request exclusion, and (iv) that any Class member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel.

   a. The Court further finds that the Class Notice proposed and submitted as an exhibit to the Motion for Preliminary Approval is written in plain English and is readily understandable by Class Members. In sum, the Court finds that the proposed notice and methodology for giving notice are reasonable, that they constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice,

6

and that they meet the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and other applicable law.

10. **Exclusion from Class.** Any Class member who wishes to be excluded from the Class must send a written request for exclusion to the Settlement Administrator at the address provided in the Settlement Class Notice. Any such exclusion request must be sent by first-class mail, postage prepaid, and must be postmarked no later than 60 days after the date the Notice is mailed and/or emailed by the Administrator. If the proposed settlement is approved, any Class member who has not submitted a timely, written request for exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments in this action.

11. **Objections and Appearances**

    a. **Written Objections.** Any Class Member who does not file a timely, written request for exclusion and who complies with the requirements of this paragraph may object to any aspect of the proposed settlement. A Class Member may assert such objections either on their own or through an attorney hired at their expense. To object, a Class Member must send a letter saying that they object to the settlement in *Bodor v. Maximus Federal Services, Inc.*, Civil Action No. 19-cv-5787, along with their name, address, telephone number, email address, if available, signature, and the reasons for the objection to the settlement. The objection should be filed with the Clerk, U.S. District Court, 601 Market Street, Room 2609, Philadelphia, PA 19106, with copies mailed to the three different places below, postmarked or filed no later than 60 days after the date the Notice is mailed and/or emailed by the Administrator.

| **Settlement Administrator** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Phoenix Settlement Administrators P.O. Box 7208 Orange, CA 92863 | Jody Lopez-Jacobs, Esq. FLITTER MILZ, P.C., 450 N. Narberth Ave., Suite 101 Narberth, PA 19072 | Ryan L. DiClemente, Esq. SAUL EWING LLP 650 College Road E #4000 Princeton, NJ 08540 |

b. **Other Objections**. Any Class Member who does not timely file with the Court and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the settlement.

c. **Notice of Appearance**. If a Class Member hires an attorney to represent them, the attorney must file a notice of appearance with the Office of the Clerk, and deliver a copy of that notice to Defendant's counsel and to Class Counsel, at the addresses set forth in paragraph 11(a) of this Order. Counsel must receive any such notices of appearance contemporaneously with submission to the Court.

d. **Appearance at Final Approval Hearing**. Any Class Member who files and serves a timely, written objection pursuant to the terms of paragraph 11 of this Order and complies with the requirements of this paragraph may also appear and be heard at the Final Approval Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear and be heard at the Final Approval Hearing must deliver to the Court, and to Settlement Administrator, Defendant's counsel and Class Counsel, at the addresses specified in paragraph 11 of this Order, a notice of intention to appear, setting forth the case number and the name, address and telephone number of the Class Member (and, if applicable, the name of the Class Member's attorney). Notices of intention to

appear must be postmarked or filed no later than 14 days prior to the Final Approval Hearing. Any Class Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear and be heard at the Final Approval Hearing, except for good cause shown.

12. **Termination of Settlement**.  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if: (a) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (b) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose.

13. **Use of Order.**  This Order shall not be construed or used as an admission, concession, or finding by or against Defendant of any fault, wrongdoing, breach or liability, or of the appropriateness or permissibility of certifying a class on contest or for any purpose other than settlement. Nor shall the Order be construed or used as an admission, concession, or finding by or against Plaintiff or the Class Members that their claims lack merit or that the relief requested in their pleadings is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he or it may have.

14. **Continuance of Hearing**. The Court reserves the right to continue the Final Approval Hearing without further written notice.

15. **Fees Award Motion**.  A motion seeking approval of Class Counsel's attorney's fees and expenses shall be filed **on or before November 20, 2023**.  Defendant's response, if any, shall be filed **on or before December 4, 2023**.

16. **Final Approval Motion**.  Class Counsel shall file their motion seeking final approval of the settlement **on or before January 3, 2024**.  Defendant's response, if any, shall be filed **on or before January 17, 2024**.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge