# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>vs.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br><br>                              Defendant. | NO. 5:19-cv-05787-EGS |

## DECLARATION OF STUART T. ROSSMAN

I, STUART T. ROSSMAN, an attorney authorized to practice in this Court in this action, *pro hac vice*, do hereby certify and confirm:

1. I am an adult individual, authorized to practice in this Court, *pro hac vice*, and to serve as counsel for Plaintiff Jaimaria Bodor ("Bodor") and the putative class ("Plaintiff") in the above-captioned action pursuant to an Order of the Court dated February 24, 2020 (Docket No. 9). This Declaration is submitted in support of Plaintiff's Motion for Approval of Attorney Fees and Service Award.

2. I have been admitted to practice before the Massachusetts Supreme Court since 1978. I also am authorized to practice before the United States District Court for the District of Massachusetts (1979), the First Circuit Court of Appeals (1979), the United States Supreme Court (1984), the United States Court of Claims (1984), the Sixth Circuit Court of Appeals (2000), the Ninth Circuit Court of Appeals (2004), the Second Circuit Court of Appeals (2010), the Fourth Circuit Court of Appeals (2011); and the Federal District Court for the Western District of New York (2016). I presently am, and always have been, a member in good standing in every bar and court to which I have been admitted to practice law.

1

3. On July 1, 1999, I became the Director of Litigation at the National Consumer Law Center ("NCLC") where I am responsible for coordinating and litigating cases on behalf of income qualified individuals, primarily in the areas of consumer financing, utilities regulation and affordable housing. In that capacity, I have been qualified to file appearances on behalf of consumers in numerous consumer cases, including class actions alleging unlawful debt collection practices involving student loans, in complex and appellate litigation.

4. NCLC has been representing low-income consumers before government agencies, Congress and state legislatures since 1969. It has appeared in the United States Supreme Court and federal and state courts and has successfully presented many important cases affecting consumer borrowers. It provides consultation and assistance to legal services, private and government attorneys in all fifty states. NCLC publishes a nationally acclaimed series of manuals on all major aspects of consumer credit and sales, including a volume on Consumer Class Actions that I edit. It also conducts training sessions nationally on the rights of consumer borrowers for attorneys, paralegals and other counselors, including an annual Consumer Class Action Symposium that I have coordinated for 23 years. NCLC works closely with lawyers representing low- income consumers, and with federal and state officials, labor unions, and community and civil rights organizations to promote justice for consumers. NCLC maintains offices in Boston, Massachusetts and Washington, D.C.

5. I have been a counsel of record for Bodor and the Plaintiff putative class in this action since its inception. By Order dated August 7, 2023 (ECF 134), this Court granted Plaintiff's Motion for Approval of Class Action Settlement. The Settlement Agreement, *inter alia*, called for payment of attorneys' fees in the total amount of $190,000 for all work that has

and will be performed by Plaintiff's counsel which represented a compromise of Plaintiff's counsel's aggregate lodestar which currently exceeds $550,000.

6. Bodor and her counsel have engaged in extensive discovery on her individual claims and with respect to class certification, including, but not limited to, the review of over 6,000 pages of documents produced by Defendant, Maximus Federal Services, Inc. ("Maximus") and the deposition of two Maximus witnesses.

7. After the Court denied Maximus's motion for summary judgment on Bodor's individual claim, Bodor and her counsel received Maximus's responses to Plaintiff's class discovery, which required the review of hundreds of additional documents.

8. On May 3, 2022, before the conclusion of class discovery, the Court held a discovery status conference, after which Maximus expressed an interest in a class-wide settlement under a revised class definition.

9. On June 22, 2022, the parties wrote the Court to inform it that they had begun meaningful settlement negotiations and believed that continuing the negotiations before a magistrate judge would help them to achieve a class wide resolution and requesting a settlement conference with a magistrate judge.

10. On October 28, 2022, Maximus made a "final" counteroffer of $165 per class member and a service award of $10,000 to Bodor which she accepted, individually and on behalf of the putative Plaintiff class, subject to the subsequent negotiation of Class Counsels' fee.

11. On February 3, 2023, Magistrate Judge Carlos held a settlement conference at which the parties were able to reach a final agreement on Class Counsels' fee in the amount of $190,000.

12. In the months that followed, the parties continued negotiating the nonmonetary terms of the settlement until a final written agreement was reached and executed on July 5, 2023.

13. The settlement negotiations, which took place over the course of a year, were always at arms' length and were effectively facilitated by an experienced magistrate judge.

14. The prosecution of this case was a collaborative effort. Class Counsel consistently worked together and engaged in conferences to develop litigation strategy throughout the case and collectively expended well over 1,000 hours litigating this action.

15. All of Class Counsel's time has been documented. I have been provided with access to detailed timesheets from each of my co-counsel and have used the information they include to create a summary of the time expended on various aspects of this case through the conclusion of the mediation with Magistrate Judge Carlos , along with the lodestar using Class Counsel's current, blended hourly rate, as follows:

| Litigation Categories | Dates of Service | Blended Rate/hr | Time Spent (0.1 increments) | Fees Total |
|---|---|---|---|---|
| Drafting & Serving the Complaint | 12/2019-2/2020 | $544 | 102.0 | $55,513 |
| Answer | Mar 2020 | $577 | 5.4 | $3,118 |
| Discovery- Phase 1A | 3/2020-12/2020 | $591 | 313.4 | $185,349 |
| Amended Complaint | May 2020 | $697 | 34.9 | $24,323 |
| Phase 1A Depositions | 9/1/2020-1/01/21 | $459 | 114.8 | $52,636 |
| Motion for Summary Judgment/Motion to Stay Discovery/Motion to Unseal | 1/2021-3/2021 | $510 | 214.2 | $109,167 |
| Denial of Motion for Summary Judgment/Unsealing of Record/Scheduling Order | 10/2021-12/2021 | $493 | 34.5 | $17,018 |
| Class definition negotiations | Nov 2021 | $573 | 2.4 | $1,374 |
| Discovery-Phase 1B | 12/2021-6/2022 | $464 | 55.6 | $25,778 |
| Class Cert Prep | Jan 2022 | $360 | 5.0 | $1,800 |
| 30(b)(6) Smith Depo(2) | 1/2022-4/2022 | $411 | 63.4 | $26,078 |
| Revised Class definition negotiations | 4/2022-5/2022 | $477 | 11.9 | $5,678 |

| | | | | |
|---|---|---|---|---|
| Settlement Negotiations and Mediation Class Recovery | 6/2022-10/2022 | $585 | 41.3 | $24,174 |
| Attorney Admissions & Withdrawals | *throughout* | $317 | 6.8 | $2,157 |
| Settlement Negotiations and Mediation Attorney Fees | 11/2022-2/2023 | $619 | 28.8 | $17,816 |
| | | | **1,034.40** | **$551,979** |

16. Class Counsel's reasonable hourly rates for 2023 are as follows:

| | | | |
|---|---|---|---|
| Alpha Taylor (Staff Attorney) | 6 | $ | 360 |
| Jody Lopez-Jacobs (Attorney) | 7 | $ | 360 |
| Alice Buttrick (Counsel) | 8 | $ | 530 |
| Lucy Bansal (Sr. Counsel) | 9 | $ | 530 |
| Benjamin Elga (Ex. Dir.) | 9 | $ | 740 |
| Joanna Darcus (Staff Attorney) | 10 | $ | 360 |
| Brian Shearer (Legal Dir.) | 10 | $ | 640 |
| Persis Yu (Staff Attorney) | 13 | $ | 450 |
| Andrew M. Milz (Partner) | 17 | $ | 520 |
| Craig Briskin (Sr. Counsel) | 25 | $ | 899 |
| Stuart Rossman (Dir. Litigation) | 44 | $ | 700 |
| Cary L. Flitter (Partner) | 40+ | $ | 830 |
| Jessenia Class | Paralegal | $ | 210 |
| Joan M. Raughley | Paralegal | $ | 220 |
| Ann Guenesso | Paralegal | $ | 220 |
| Maggie Eggert | Paralegal | $ | 230 |

17. Plaintiff herself has very ably represented the Settlement Class. Ms. Bodor underwent a deposition, answered discovery, and remained in consistent contact with Class Counsel throughout the litigation. It bears note that Ms. Bodor turned down Maximus's offer to settle her individual claim for $30,000. But for her steadfast focus on obtaining fair class relief, the Settlement Class would not have this opportunity to favorably settle the case on a class-wide basis.

18. To date, there have been no objections to any aspect of the settlement.

Signed under the pains and penalties of perjury this 20th day of November 2023.

                                           _/s/Stuart T. Rossman_____
                                           Stuart T. Rossman, BBO No. 430640
                                           National Consumer Law Center
                                           7 Winthrop Square 4th Fl.
                                           Boston, MA 02110
                                           (617)542-8010
                                           srossman@nclc.org