# Exhibit 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIMARIA BODOR,<br>individually and on behalf of all others<br>similarly situated,<br>       Plaintiff,<br>  vs.<br>MAXIMUS FEDERAL SERVICES, INC.,<br>       Defendant. | CIVIL ACTION<br><br>NO. 5:19-cv-05787 (JMG) |

### DECLARATION OF JAIMARIA GOSS nee BODOR

I, Jaimaria Goss nee Bodor, certify the following to be true and correct:

1. I am an adult and the Plaintiff in the above-captioned action. This Declaration is submitted in support of Plaintiff's Motion for Attorney Fees and Service Award.

2. I am thirty-five years old. I currently have one child, and I'm expecting another in March 2024.

3. I'm currently employed at two Dunkin Donuts stores as an assistant manager, where my pay ranges from $15 to $16 per hour from store to store.

4. My student loan debt collection experience has been a long, taxing process. When I signed up for additional schooling with Corinthians College, I was told I would be receiving grants. Apparently, that was not true, as I later learned about the existence of these student loans.

5. In the years past, my tax refund was taken and applied to these fraudulent loans without my consent. I was shocked and angered by this, as I needed the money to pay for my expenses such as gas, utilities, etc.

6. Eventually, I learned that I could submit a Borrower Defense application to challenge the loans, and that while my application was pending, debt collectors would not be able to take my tax refund like they did before.

7. In 2019, during the time in which my $79 tax refund was taken from me, I was

working as an assistant manager at Burger King, where I was paid $14 per hour. I regularly worked from 5:00 a.m. to 6:00 p.m., six days a week.  I was planning on using the tax refund to pay for gas for commuting to/from work.

8. During this case, I spent several hours working on responding to Maximus's discovery requests. It took me several days to look for the documents Maximus requested.

9. My attorneys sent me all of the pleadings and briefs, which I always reviewed, and sometimes I would provide my comments or thoughts about Maximus's claims and arguments.

10. Maximus took my deposition in Fall 2020. The deposition itself and the preparation for it took several hours.  I had to take time off of work at my own expense.

11. At one point, Maximus offered me $30,000 to settle the case individually, but I rejected the offer because it did not seem fair to the class.

12. Throughout this case, I kept in touch with my attorneys, primarily through email, and would respond to questions and get updates about what was happening.  I was fully informed about the proposed settlement strategy and I authorized all settlement decisions.

13. In my opinion, the settlement is fair, reasonable, adequate, and in the best interests of the class. I authorized the settlement, including the payment terms of $165 per class member, $190,000 in attorney fees, and the service award of $10,000, though I understand that the fees and service award have to be approved by the Court.

14. I will attend the final approving hearing in February 2024.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  __Nov 18, 2023__

_____
Jaimaria Goss (Nov 18, 2023 08:59 EST)
JAIMARIA GOSS nee BODOR