# Exhibit 7

**This is a notice of a settlement of a class action lawsuit.**
**This is <u>not</u> a notice of a lawsuit against you.**

**You are entitled to compensation as a result of the settlement in the class action lawsuit captioned:**

*Bodor v. Maximus Federal Services, Inc.*
No. 19-cv-5787(JMG) (E.D. Pa.)

**A federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer.**
**Please read this notice carefully.**
**It explains your rights and options to participate in a class action settlement.**

**What are your legal rights and options?**

| | |
|---|---|
| **DO NOTHING:** | If you do nothing, you will receive a Settlement Award and certain other benefits and will release any claim(s) that you have against Maximus Federal Services, Inc. ("Maximus") related to this case. |
| **EXCLUDE YOURSELF:** | If you exclude yourself from the Settlement, you will not receive a Settlement award or other benefits, and you will not release any claims you have against Maximus. |
| **OBJECT:** | You may object to the Settlement. |

**Why is this notice available?**

This is a notice of a proposed Settlement in a class action lawsuit. The Settlement would resolve the lawsuit, which Jaimaria Bodor ("Bodor") filed against Maximus. Please read this notice carefully. It explains the lawsuit, the Settlement and your legal rights, including the process for receiving a Settlement check, excluding yourself from the Settlement, or objecting to the Settlement.

**What is this lawsuit about?**

Bodor filed this lawsuit against Maximus, alleging that Maximus Federal Services, Inc. ("Maximus") violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff claims that Maximus violated the FDCPA by allowing tax refunds to be seized from borrowers with pending borrower defense ("BD") applications. The parties have agreed to a settlement. Maximus denies that it violated any law but has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the Litigation.Why is this a class action?

In a class action, one or more people called "class representatives" file a lawsuit on behalf of people who have similar claims. All of these people together are a "class" or "class members." The Court accordingly resolves claims for all class members, except for those who exclude themselves from the class.

**Why is there a Settlement?**

Bodor, on the one hand, and Maximus, on the other, have agreed to settle the lawsuit to avoid the time, risk and expense associated with it, and to achieve a final resolution of the disputed claims. Under the Settlement, participating class members will obtain a payment ("Settlement Award") in settlement of the claims raised in the lawsuit. Bodor and her attorneys think the Settlement is best for all class members.

**How do you know if your claims are included in the Settlement?**

All borrowers in the United States who experienced an offset of federal tax refunds through the Treasury Offset Program after Maximus failed to initially tag the borrower's account for stop collections within five business days of Maximus first having notice of their Borrower Defense ("BD") application, from December 9, 2018, to April 30, 2023, excluding borrowers whose:

1

a. Offset occurred before Maximus Federal received notice (before Start Forbearance Request);
b. Account was tagged "(BD Received)" within 5 business days of the Start Forbearance Request;
c. Offset occurred within the 5-business-day period within which Maximus Federal was to tag the account;
d. Account was tagged later than 5 business days, but Offset occurred after date the tag was applied.

Also excluded from the Settlement Class are Class Counsel, the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

Based on the records maintained in the Department of Education's Debt Management and Collection System, you are a member of the class.

### What does the Settlement provide?

Maximus will establish a Settlement fund in the amount of approximately $240,920.00. Out of the Settlement Fund, Maximus will pay:

a. Settlement Awards to the class members in the amount of $165 per class member;
b. A Service Award to Bodor in an amount up to $10,000, subject to the Court's approval; and
c. An award of attorneys' fees, costs and expenses in an amount up to $190,000, subject to the Court's approval.

Maximus also will pay the cost of settlement notice and administration. Any remaining monies from uncashed Settlement awards will be distributed to EMPath, subject to the Court's approval.

### How can you get a payment?

If you do not opt out of the Settlement, you will receive a Settlement Award payment. You may correct or update the mail address to which you want your Settlement check to be mailed by contacting the Settlement Administrator, Phoenix Class Action Administration Solutions ("Phoenix") by emailing notice@phoenixclassaction.com or by phone at (800) 523-5773.

### When will you be paid?

If the Court grants final approval of the Settlement, Settlement checks will be mailed to class members no later than 60 days after the judgment in the lawsuit becomes final. If there is an appeal of the Settlement, payment may be delayed.

### What rights are you giving up in this Settlement?

Unless you exclude yourself from the Settlement, you will be considered a member of the class, which means you will give up your right to sue or continue a lawsuit against Maximus over the released claims. Giving up your legal claims is called a release. Unless you formally exclude yourself from the Settlement, you will release your claims against Maximus.

For more information on the release, released parties and released claims, you may obtain a copy of the class action Settlement agreement from the Settlement Administrator, Phoenix, by emailing notice@phoenixclassaction.com or by phone at (800) 523-5773.

### How can you exclude yourself from the Settlement?

You may exclude yourself from the Settlement, in which case you will not receive a Settlement Award payment. If you wish to exclude yourself from the Settlement, you must mail a signed written request for exclusion to the Settlement Administrator, Phoenix, at P.O. Box 7208, Orange, CA 92863, **postmarked by December 2, 2023**. You must include in your request for exclusion your:

a. Full name;
b. Address; and
c. The following statement: "I/we request to be excluded from the Settlement in the Bodor action."

You must sign the request to be excluded from the Settlement personally. If any person signs a request for exclusion on your behalf, that person must attach a copy of a power of attorney or other official document authorizing that signature on your behalf.

### When and where will the Court decide whether to approve the Settlement?

The Court will hold a final fairness hearing on February 6, 2024, at 9:30 a.m. The hearing will take place in the United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 504 W. Hamilton Street, Allentown, PA 18101, before the Honorable John M. Gallagher. At the final fairness hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and, if so, whether it should be granted final approval. The Court will also hear objections to the Settlement, if any. The Court may make a decision at that time, postpone a decision or continue the hearing.

### Do you have to attend the hearing?

No. You are not required to attend the hearing. But you are welcome to attend the hearing at your own expense. You cannot speak at the hearing if you have excluded yourself from the class Settlement. Once you have excluded yourself, the class Settlement does not affect your legal rights.

### What if you want to object to the Settlement?

If you do not exclude yourself from the Settlement, you can object to the Settlement if you do not believe it is fair, reasonable, and adequate. If you wish to object, you must make the objection in writing and file it with the Court at United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Room 2609, Philadelphia, PA 19106, by **December 2, 2023.** You must also mail a written notice of objection, postmarked by **December 2, 2023**, to the following addresses:

Class Counsel:

Jody Thomas López-Jacobs, Esq.
Flitter Milz, P.C.
450 N. Narberth Ave, Suite 101
Narberth, PA 19072

Maximus's Counsel:

Ryan L. DiClemente, Esq.
Saul Ewing LLP
650 College Rd. East, Suite 4000
Princeton, NJ 08540

Settlement Administrator:

Phoenix Settlement Administrators
P.O. Box 7208
Orange, CA 92863

You must include in your objection your:
a. Full name;
b. Address;
c. A statement of the specific objection(s);
d. The grounds for the objection(s);
e. Identify any documents you desire the Court to consider; and
f. A statement noting whether you intend to appear at the fairness hearing.

### By when must you enter an appearance?

Any class member who objects to the Settlement and wishes to enter an appearance must do so by **December 2, 2023**. To enter an appearance, you must file with the Clerk of the Court a written notice of your appearance and you must serve a copy of that notice, by U.S. mail or hand-delivery, upon Class Counsel and Maximus's attorneys, at the addresses set forth above at least 14 days prior to the final fairness hearing.

### What will happen if the Court does not approve the Settlement?

If the Court does not finally approve the Settlement or if it finally approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will receive no benefits and the lawsuit will continue.

## Who are the attorneys for Bodor?

The attorneys for Bodor are:

Stuart Rossman and Alpha Taylor
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor Boston, MA 02110
Tel: (617) 542-8010

Jody Thomas López-Jacobs
FLITTER MILZ, P.C.
450 N. Narberth Ave, Suite 101
Narberth, PA 19072
Phone: 610-668-0011

Benjamin D. Elga
JUSTICE CATALYST LAW, INC.
40 Rector Street, Floor 9
New York, NY 10006
Main: 518-732-6703

The Court has appointed these attorneys to act as Class Counsel. You do not have to pay class counsel. If you want to be represented by your own lawyer, and have that lawyer appear in Court for you in this case, you must hire one at your own expense.

## Who are Maximus's attorneys?

Maximus's attorneys are:

Ryan L. DiClemente
SAUL EWING LLP
650 College Rd. East, Suite 4000,
Princeton, NJ 08540
(609) 452-5057

## Where can you get additional information?

This notice is only a summary of the Settlement. All documents filed with the Court, including the full class action Settlement Agreement, may be reviewed or copied at the United States District Court for the Eastern District of Pennsylvania.

If you would like additional information about this matter, please contact the Settlement Administrator, Phoenix:

Phoenix Settlement Administrators
P.O. Box 7208
Orange, CA 92863
Telephone: (800) 523-5773
**Email: notice@phoenixclassaction.com**

Please do not call the Judge about this case. Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, neither Maximus nor Maximus's attorneys represent you, and they cannot give you legal advice.