**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAIMARIA BODOR,<br>individually and on behalf of all others<br>similarly situated,<br>                        Plaintiff,<br><br>     vs.<br><br>MAXIMUS FEDERAL SERVICES, INC.,<br>                    Defendant. | CIVIL ACTION<br><br>NO.  5:19-cv-05787-JMG |

## ORDER FOR FINAL JUDGMENT AND DISMISSAL

WHEREAS, Jaimaria Bodor (the "Class Representative" or "Plaintiff"), on behalf of herself and the Class Members, and Maximus Federal Services, Inc. ("Maximus") Defendant in the above-captioned action have entered into, and filed with the Court, a Class Action Settlement Agreement and Release (the "Settlement Agreement');

WHEREAS, the Court on August 7, 2023, entered an Order Preliminarily Approving the Settlement ("Preliminary Approval Order");

WHEREAS, on February 6, 2024, beginning at 9:30 A.M. in Courtroom 4B in the U.S. Courthouse, 504 W. Hamilton Street, Allentown, PA 18101, this Court held a hearing to consider, among other things: (i) whether the settlement reflected in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the members of the Class; (ii) whether final judgment should be entered dismissing the claims of the members of the Class with prejudice and on the merits, as required by the Settlement Agreement; and (iii) whether to approve Plaintiff's application for a class representative service award and (iv) whether to approve Plaintiff's request for an award of Class Counsel fees and expenses;

WHEREAS, based on the foregoing, having heard the statements of counsel for the parties and of such persons who chose to appear at the final approval hearing, having considered all of the

files, records, and proceedings in the action, including specifically the Settlement Agreement (and the exhibits appended thereto), the memoranda and other papers filed by the parties in support of final approval of the proposed settlement, any objections or comments relating to objections to the proposed settlement raised at the hearing;

THE COURT HEREBY FINDS AND ORDERS:

1. **Notice to the Class**:  Notice to the Class has been provided by the Settlement Administrator pursuant to this Court's Order of Preliminary Approval, as attested to by the Affidavit of the Settlement Administrator.  The notice given to members of the Class by first class mail constituted due and sufficient notice of the settlement and the matters set forth in said notices to all persons entitled to receive notice, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c) and 23(e).

2. **Settlement Approved**:  The proposed settlement set forth in the parties' Settlement Agreement, a copy of which was filed with the Motion for Preliminary Approval, is fair, reasonable, adequate and in the best interests of the Class.  The terms in this Order shall be interpreted in accordance with the definitions in the Settlement Agreement.  All aspects of the Settlement Agreement are approved. The Class Representative's service award is approved.

3. **Class Counsel Fees and Expenses**.  The Court has reviewed the application for Class Counsel fees and expenses, and the documentation submitted in support.  Consistent with the criteria set forth in F. R. Civ. P. 23(h), the requested award of combined attorney fees and expenses to Class Counsel in the sum of $190,000.00 is approved as fair and reasonable.

4. **Dismissal and Related Matters**:

a. The claims of all members of the Class, except those who timely excluded themselves from the Class pursuant to the Settlement Agreement, are hereby dismissed with

prejudice, on the merits and without costs to any party. A list of those Class Members who excluded themselves, if any, was submitted with the Motion for Final Approval.

b.  Plaintiff Bodor, on her own behalf and on behalf of each Class Member, by operation of this release and the judgment, hereby shall be deemed to have fully, finally and forever released, settled, compromised, relinquished, and discharged with prejudice any and all of the Released Parties of and from any and all Released Claims, and shall be forever barred and enjoined from instituting or further prosecuting, in any forum, including but not limited to any state or federal court or arbitration, administrative or other proceeding, any Settled Claim as defined in the Settlement Agreement.

c.  In light of the notice given to the Class Members, the Plaintiff and all Class Members who did not exclude themselves shall be bound by the Settlement Agreement and all of their Released Claims shall be dismissed with prejudice and released.

**6.  Continuing Jurisdiction.** Consummation of the settlement shall proceed as described in the Settlement Agreement and the Court hereby specifically retains jurisdiction of this matter in order to resolve any disputes which may arise in the implementation of the Settlement Agreement or the implementation of this Final Judgment and Order. The Court retains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the distribution and allocation of the Settlement Fund.

Final judgment shall be entered as provided herein.

BY THE COURT:


*/s/ John M. Gallagher*        02/09/2024
JOHN M. GALLAGHER
United States District Court Judge

3